IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **BURKE BOWERS,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | 1:15-CV-732 |
| | ) | |
| **BB&T CORPORATION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **BREWSTER SMITH, JR.,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | 1:15-CV-841 |
| | ) | |
| **BB&T CORPORATION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANTS' MOTION TO DISMISS
### THE CONSOLIDATED AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rules 7.2 and 7.3, Defendants, by and through their undersigned counsel, hereby move this Court to dismiss Plaintiffs' Consolidated Amended Complaint ("Complaint") (Dkt. # 34), for failure to state a claim upon which relief can be granted. Plaintiffs have brought claims for relief under the Employee Retirement Income Security Act of 1974, as amended, with respect to the BB&T Corporation 401(k) Savings Plan (the "Plan"), but Plaintiffs have failed to sufficiently allege that any Defendant has breached a fiduciary duty or engaged in a prohibited transaction.

In Count I Plaintiffs assert that the recordkeeping fee for the Plan was excessive, but they offer no facts regarding the scope and value of the recordkeeping services provided by Defendant Branch Banking and Trust Company. In addition, Plaintiffs' allegations that Defendants were required to conduct a request for proposal for recordkeeping services and should not have compensated the recordkeeper on a percentage-of-assets basis lack foundation and have been rejected by other courts.

Plaintiffs' claim in Count II regarding excessive investment management fees should be dismissed because courts have appropriately concluded that plan fiduciaries fulfill their duties under ERISA by offering sufficient mix of investment options with varying fee and risk profiles. The Plan has always included a wide array of investment options with varying risk profiles, investment strategies, and associated fees. The Plan's investment lineup is substantially similar to the lineups in other lawsuits where courts have dismissed under Rule 12(b)(6), Fed. R. Civ. P. the same claims as Plaintiffs have asserted in this case.

Plaintiffs' additional claim in Count II that Defendants breached their duties by retaining investment options that underperformed certain market indices should be dismissed because it is based solely on a hindsight analysis of market performance. The courts have consistently held that the ultimate outcome of an investment is not proof of its imprudence.

The court should dismiss Plaintiffs' claim in Count III challenging the use of short-term, fixed income options instead of a stable value fund. ERISA fiduciaries are

not required to use a stable value fund product and other courts have recognized that 401(k) plan fiduciaries often have decided to include similar short term, fixed income options. As such, Defendants fulfilled their duty to act as others in a like capacity would act.

Plaintiffs' claim in Count IV related to the use of a "unitized" common stock also fails to state a claim upon which relief can be granted. The courts have recognized that the vast majority of company stock funds of publicly traded companies are unitized. As such, Defendants fulfilled their duty to act as others in a like capacity would act.

Plaintiffs' prohibited transaction claims (Counts VI and VII) are conclusory in that they fail to properly plead the transactions at issue are not covered by the applicable statutory and administrative exemptions to the prohibited transaction rules. Plaintiffs' claims also lack merit because ERISA's prohibited transaction rules do not apply to a mutual fund manager's collection of fees or a recordkeeper's receipt of "revenue sharing" payments.

Finally, (a) the Complaint should be dismissed as to certain Defendants because they do not qualify as fiduciaries with respect to the conduct at issue; (b) Plaintiffs' claim for equitable relief (Count VIII) should be dismissed because they have not alleged a distinct injury that could not be redressed through their breach of fiduciary duty claims and, in any event, Plaintiffs are seeking money damages, which is not a form of equitable relief; (c) Plaintiffs' failure to monitor (Count V) and co-fiduciary liability claims (*see* Am. Compl. ¶¶ 138, 146, 151, 157), are derivative of Plaintiffs' breach of fiduciary duty

3

claims and should be dismissed with those claims; and (d) any claims arising before September 4, 2009 are time-barred.

Defendants' motion is supported by a Memorandum of Law filed contemporaneously herewith.

WHEREFORE, Defendants respectfully request that this Court enter an order dismissing Plaintiffs' Consolidated Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rules 7.2 and 7.3.

Respectfully submitted,

| GROOM LAW GROUP, CHARTERED | WOMBLE CARLYLE SANDRIDGE & RICE, LLP |
|---|---|
| */s/ Michael J. Prame* | */s/ Brent F. Powell* |
| Michael J. Prame* | Ronald R. Davis |
| Paul Rinefierd* | NC State Bar No. 20408 |
| 1701 Pennsylvania Ave., NW | Brent F. Powell |
| Washington, DC 20006 | NC State Bar No. 41938 |
| Phone: 202-861-6633 | One West Fourth Street |
| Fax: 202-659-4503 | Winston-Salem, NC 27101 |
| Email: mprame@groom.com | Telephone: (336) 721-3600 |
| prinefierd@groom.com | Facsimile: (336) 721-3660 |
| | Email: rdavis@wcsr.com |
| *Appearing by special appearance* | brpowell@wcsr.com |
| | |
| | Debbie W. Harden |
| | NC State Bar No. 10576 |
| | One Wells Fargo Center |
| | 301 South College Street, Suite 3500 |
| | Charlotte, NC 28202 |
| | Telephone: (704) 331-4900 |
| | Facsimile: (704) 331-4955 |
| | Email: dharden@wcsr.com |
| | |
| | *Attorneys for Defendants* |

# **CERTIFICATE OF SERVICE**

This is to certify that, on December 23, 2015, a copy of the foregoing ***DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT*** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send notification of filing to the following:

| | |
|---|---|
| Kai H. Richter* | Adam W. Hansen* |
| krichter@nka.com | ahansen@nka.com |
| | |
| Carl F. Engstrom* | Joe Hashmall* |
| cengstrom@nka.com | jhashmall@nka.com |
| | |
| Jerome J. Schlichter* | Heather Lea* |
| jschlichter@uselaws.com | hlea@uselaws.com |
| | |
| Michael A. Wolff* | Sean E. Soyars* |
| mwolff@uselaws.com | ssoyars@uselaws.com |
| | |
| Troy A. Doles* | David B. Puryear, Jr. |
| tdoles@uselaws.com | puryear@puryearandlingle.com |

Attorneys for Plaintiffs

*Appearing by special appearance*

                                        */s/ Michael J. Prame*
                                        Michael J. Prame*
                                        Groom Law Group, Chartered
                                        1701 Pennsylvania Ave., NW
                                        Washington, DC 20006
                                        Phone: 202-861-6633
                                        Fax: 202-659-4503