## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BURKE BOWERS, et al., | |
|     Plaintiffs, | |
| v. | No. 1:15-cv-732-CCE-JEP |
| BB&T CORPORATION, et al., | |
|     Defendants. | |
| | |
| BREWSTER SMITH, JR., et al., | |
|     Plaintiffs, | |
| v. | No. 1:15-cv-841-LCB-JEP |
| BB&T CORPORATION, et al., | |
|     Defendants. | |

## ANSWER TO CONSOLIDATED AMENDED COMPLAINT

Defendants BB&T Corporation, BB&T Corporation Employee Benefits Plan Committee, BB&T Corporation Board of Directors, Compensation Committee of the Board of Directors of BB&T Corporation, John A. Allison, IV, Jennifer S. Banner, K. David Boyer, Jr., Anna R. Cablik, Nelle R. Chilton, Ronald E. Deal, Tom D. Efird, James A. Faulkner, Barry J. Fitzpatrick, J. Littleton Glover, Jr., L. Vincent Hackley, Jane P. Helm, I. Patricia Henry, John P. Howe, III, Eric C. Kendrick, Kelly S. King, Valeria Lynch Lee, Louis B. Lynn, James H. Maynard, Albert O. McCauley, Edward C. Milligan, J. Holmes Morrison, Charles A. Patton, Nido R. Quebin, William J. Reuter, Tollie W. Rich, Jr., E. Rhone Sasser, Christine Sears, Thomas E. Skains, Thomas N. Thompson, Edwin H. Welch, Stephen T. Williams, Steven L. Reeder, Branch Banking and Trust Company, Sterling Capital Management LLC (collectively – "the Defendants") respond below to the specific numbered paragraphs of the Consolidated Amended Complaint (the "Complaint") filed by the Plaintiffs.  Defendants incorporate headings from the Complaint solely for organizational and reference purposes.

1.      Paragraph 1 of the Complaint states conclusions of law as to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

2.      Paragraph 2 of the Complaint states conclusions of law as to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

## JURISDICTION AND VENUE

3.      The Defendants admit the allegations in this paragraph of the Complaint.

4.      Paragraph 4 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants admit that the Middle District of North Carolina is a proper venue for this action.

## PARTIES

### BB&T Corporation 401(k) Savings Plan

5.      Defendants admit the allegations in this paragraph of the Complaint.

6.      Paragraph 6 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants admit the allegations in this paragraph of the Complaint.

7.      The Defendants deny the allegations in this paragraph of the Complaint.

8.      Paragraph 8 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants admit the allegations in this paragraph of the Complaint.

9.      The Defendants admit the allegations in this paragraph of the Complaint.

10.      The Defendants admit that as of the year-end 2014, the value of Plan assets, after subtracting liabilities of the plan, was $2,931,460,230 and there were a total of 37,380 persons that were participants in or beneficiaries of the Plan. The Defendants deny the remaining allegations in this paragraph of the Complaint.

3

**Plaintiffs**

11.     Upon information and belief, Defendants admit that Brewster Smith, Jr. is a participant in the Plan.  Defendants lack knowledge sufficient to form a belief as to the truth of the remainder of the factual allegations in paragraph 11 of the Complaint.

12.     Upon information and belief, Defendants admit that Erik Gavidia is a participant in the Plan.  Defendants lack knowledge sufficient to form a belief as to the truth of the remainder of the factual allegations in paragraph 12 of the Complaint.

13.     Upon information and belief, Defendants admit that Stephanie Gavidia was a participant in the Plan until 2014.  Defendants lack knowledge sufficient to form a belief as to the truth of the remainder of the factual allegations in paragraph 13 of the Complaint.  Defendants deny that they breached any duties.

14.     Upon information and belief, Defendants admit that Doris Kirouac is a participant in the Plan.  Defendants lack knowledge sufficient to form a belief as to the truth of the remainder of the factual allegations in paragraph 14 of the Complaint.

15.     Upon information and belief, Defendants admit that Paula Bridges is a participant in the Plan.  Defendants lack knowledge sufficient to form a belief as to the truth of the remainder of the factual allegations in paragraph 15 of the Complaint.

16.     Upon information and belief, Defendants admit that Nancy Johnson is a participant in the Plan.  Defendants lack knowledge sufficient to form a belief as to the truth of the remainder of the factual allegations in paragraph 16 of the Complaint.

17.     Upon information and belief, Defendants admit that Kerri Greaner is a participant in the Plan.  Defendants lack knowledge sufficient to form a belief as to the

4

truth of the remainder of the factual allegations in paragraph 17 of the Complaint.

18. Upon information and belief, Defendants admit that Patricia Wells was a participant in the Plan until November 2012. Defendants lack knowledge sufficient to form a belief as to the truth of the remainder of the factual allegations in paragraph 18 of the Complaint. Defendants deny that they breached or failed to perform any duty under 29 U.S.C. § 1104(a).

19. Upon information and belief, Defendants admit that Burke Bowers was a participant in the Plan until August 2013. Defendants lack knowledge sufficient to form a belief as to the truth of the remainder of the factual allegations in paragraph 19 of the Complaint. Defendants deny that they breached or failed to perform any duty under 29 U.S.C. § 1104(a).

20. Upon information and belief, Defendants admit that Robert Sims was a participant in the Plan until July 2013. Defendants lack knowledge sufficient to form a belief as to the truth of the remainder of the factual allegations in paragraph 20 of the Complaint. Defendants deny that they breached or failed to perform any duty under 29 U.S.C. § 1104(a).

21. Upon information and belief, Defendants admit that Stacy Holstein was a participant in the Plan until October 2013. Defendants lack knowledge sufficient to form a belief as to the truth of the remainder of the factual allegations in paragraph 21 of the Complaint. Defendants deny that they breached or failed to perform any duty under 29 U.S.C. § 1104(a).

5

22. Upon information and belief, Defendants admit that Jeffrey Stauffer was a participant in the Plan until October 2013. Defendants lack knowledge sufficient to form a belief as to the truth of the remainder of the factual allegations in paragraph 22 of the Complaint. Defendants deny that they breached or failed to perform any duty under 29 U.S.C. § 1104(a).

**Defendants**

23. Paragraph 23 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

24. The Defendants admit that Section 10 of the Plan document addresses the allocation of responsibilities among named fiduciaries of the plan and Section 8 of the Plan document addresses the administration by the Employees Benefits Plan Committee. The remaining allegations in Paragraph 24 of the Complaint state conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint to the extent that those allegations are inconsistent with the terms of the plan document.

25. Paragraph 25 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

26. The Defendants admit that Branch Banking and Trust Company provides trustee and recordkeeping services to the Plan. The Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.

6

The remainder of Paragraph 26 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required; Defendants deny the remaining allegations in this paragraph of the Complaint.

27.     Paragraph 27 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

28.     The Defendants admit the allegations in sentence one of this paragraph of the Complaint.  The remainder of Paragraph 28 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

29.     The Defendants admit the allegations in sentence one of this paragraph of the Complaint.  The remainder of Paragraph 29 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

30.     Paragraph 30 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

31.     The Defendants admit the allegations in sentence one of this paragraph of the Complaint.  Defendants further admit that Branch Banking and Trust Company is a participating employer under Plan § 1.32.  The remainder of Paragraph 31 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

7

32.     The Defendants admit that Sterling Capital Management, LLC is a wholly-owned subsidiary of BB&T Corporation.  Defendants further admit that Sterling Capital Management, LLC is a participating employer under Plan § 1.32.  The remainder of Paragraph 32 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

## FACTS APPLICABLE TO ALL COUNTS
### Proprietary Investment Funds

33.     The Defendants deny the allegations in this paragraph of the Complaint.

34.     The Defendants admit that certain BB&T mutual funds managed by affiliates of BB&T Corp. ("Affiliated Mutual Funds") are among the investment options used in the Plan.  The Defendants further admit that the Compensation Committee selected the Plan's investment options.  The Defendants deny the remaining allegations in this paragraph of the Complaint.

35.     The Defendants admit that prior to October 1, 2010, certain Affiliated Mutual Funds were managed by BB&T Asset Management, Inc. a wholly-owned subsidiary of BB&T Corporation and were branded as "BB&T" funds.  The Defendants further admit that, on October 1, 2010, BB&T Asset Management merged into Sterling Capital Management LLC and certain Affiliated Mutual Funds were renamed "Sterling Capital" funds.  Defendants deny the remaining allegations in this paragraph of the

8

Complaint.

36.     The Defendants deny the allegations in this paragraph of the Complaint.

37.     The Defendants admit that as of September 30, 2009 the Plan's investment options included the BB&T Common Stock Fund, the One-Year Bank Investment Contract, and the following 8 BB&T funds:

     a.  BB&T International Equity Fund;

     b.  BB&T Small Cap Value Fund;

     c.  BB&T Special Opportunities Fund:

     d.  BB&T Mid Cap Growth Fund;

     e.  BB&T Equity Income Fund;

     f.  BB&T Mid Cap Value Fund;

     g.  BB&T Large Cap Fund; and

     h.  BB&T Total Return Bond Fund.

The Defendants further admit that, as of September 30, 2009, the net expense ratio of the BB&T Small Cap Value Fund was 116 basis points and the net expense ratio of the BB&T Mid Cap Growth Fund was 98 basis points. The Defendants deny the remaining allegations in this paragraph of the Complaint.

38.     The Defendants admit that the BB&T Mid Cap Growth Fund was merged into the BB&T Mid Cap Value Fund on February 1, 2010 and the BB&T international Equity Fund was liquidated on January 31, 2012.  The Defendants deny the remaining allegations in this paragraph of the Complaint.

39.     The Defendants admit that, as of September 30, 2015,  the Plan investment

lineup included the following 6 Sterling Capital funds:

     a. Sterling Cap Behav Lg Cap Value Eq Fund;

     b. Sterling Cap Behav Sm Cap Value Eq Fund;

     c. Sterling Capital Equity Income Fund;

     d. Sterling Capital Mid Value Fund;

     e. Sterling Capital Special Opps Fund;

     f. Sterling Capital Total Return Bond Fund.

The Defendants further admit that, as of September 30, 2015, the net operating expense ratio for the Sterling Capital Equity Income Fund was 97 basis points. The Defendants deny the remaining allegations in this paragraph of the Complaint.

     40. The Defendants admit that as of year-end 2014, the Plan had over $1 billion invested in the Affiliated Mutual Funds; as of year-end 2013 the Plan had approximately $974 million invested in the Affiliated Mutual Funds; as of year-end 2012 the Plan had approximately $790 million invested in the Affiliated Mutual Funds; as year-end 2011 the Plan had approximately $715 million invested in the Affiliated Mutual Funds; as of year-end 2010 the Plan had approximately $725 million invested in the Affiliated Mutual Funds; and as of year-end 2009 the Plan had approximately $591 million invested in the Affiliated Mutual Funds. The Defendants otherwise deny the remaining allegations in this paragraph of the Complaint.

     41. The Defendants admit that, as of year-end 2014, the BB&T Common Stock Fund and the BB&T Associate Insured Deposit Account were two investment options offered to Plan participants. The Defendants further admit that, as of year-end 2014, the

10

BB&T Common Stock Fund had assets of $614,015,012 and the BB&T Associate Insured Deposit Account had assets of $171,744,219. The Defendants deny the remaining allegations in this paragraph of the Complaint.

42.     The Defendants deny the allegations in this paragraph of the Complaint.

43.     The Defendants deny the allegations in this paragraph of the Complaint.

## Proprietary Recordkeeping

44.     The Defendants admit the allegations in sentence one of this paragraph of the Complaint. The Defendants deny the remaining allegations in this paragraph of the Complaint.

45.     The Defendants admit that since 2000, Branch Banking and Trust Company has served as the Plan trustee and recordkeeper. The Defendants deny the remaining allegations in this paragraph of the Complaint.

46.     The Defendants deny the allegations in this paragraph of the Complaint.

47.     Paragraph 47 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

## Excessive Administrative Fees

48.     Paragraph 48 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

49.     The Defendants deny the allegations in this paragraph of the Complaint.

50.    Paragraph 50 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

51.    The Defendants admit the allegations in sentence one of this paragraph of the Complaint.  The Defendants deny the remaining allegations in this paragraph of the Complaint.

52.    The Defendants lack knowledge sufficient to form a belief as the truth of the allegations in paragraph 52 of the Complaint.

53.    Paragraph 53 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

54.    Paragraph 54 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

55.    The Defendants admit that a document titled "BB&T Corporation 401(k) Savings Plan (the Plan)" that was distributed to plan participants in 2015 stated "The Plan sponsor pays the administration fees for the Plan."  The Defendants further admit that the Plan's annual reports filed with the United States Departments of Labor and Treasury identify indirect compensation from plan investment options that is paid to BB&T or its subsidiary.  The Defendants deny the remaining allegations in this paragraph of the Complaint.

56. The Defendants admit the allegations in the first sentence of this paragraph of the Complaint. The Defendants deny the allegations in the second sentence of this paragraph of the Complaint. The Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint.

57. The Defendants deny the allegations in this paragraph of the Complaint.

58. The Defendants deny the allegations in this paragraph of the Complaint.

59. The Defendants deny the allegations in this paragraph of the Complaint.

60. The Defendants deny the allegations in this paragraph of the Complaint.

61. The Defendants admit the allegations in sentences one and two of this paragraph of the Complaint. The Defendants deny the remaining allegations in this paragraph of the Complaint.

62. Paragraph 62 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

63. The Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

64. The Defendants deny the allegations in this paragraph of the Complaint.

**Excessive Investment Management Fees and Performance Losses**

65. The Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

66. The Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

67. The Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

68. The Defendants deny the allegations in this paragraph of the Complaint.

### A. Excessive fees compared to other mutual funds

69. The Defendants lack knowledge sufficient to form a belief as to the truth of the expense rations associated with the Vanguard Funds listed on the chart in this paragraph. The Defendants deny the remaining allegations in this paragraph of the Complaint.

70. The Defendants deny the allegations in this paragraph of the Complaint.

### B. Excessive fees compared to separate accounts

71. The Defendants deny the allegations in this paragraph of the Complaint.

72. The Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

73. The Defendants deny the allegations in this paragraph of the Complaint.

74. The Defendants deny the allegations in this paragraph of the Complaint.

75. The Defendants admit that Sterling Capital Management LLC has offered institutional clients separately managed accounts. The Defendants further admit that, as

14

of year-end 2014, the investment in each of the Affiliated Mutual Funds was at least $10 million. The Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations in sentences one and two of this paragraph of the Complaint. The Defendants deny the remaining allegations in this paragraph of the Complaint.

76. The Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

77. The Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

78. The Defendants deny the allegations in this paragraph of the Complaint.

79. The Defendants admit that separate account versions of mutual funds exist in the marketplace. Defendants lack knowledge sufficient to form a belief as to the truth of the remaining factual allegations in paragraph 79 of the Complaint.

80. The Defendants deny the allegations in the last sentence of this paragraph of the Complaint. Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 80 of the Complaint.

## C. Excessive fees compared to collective trusts

81. The Defendants admit that collective trusts are investment vehicles that are available in the marketplace. The Defendants lack knowledge sufficient to form a belief as to the truth of the remaining factual allegations in paragraph 81 of the Complaint.

82. The Defendants admit the allegations in sentences two, three, and four of

15

this paragraph of the Complaint.  The Defendants deny the remaining allegations in this paragraph of the Complaint.

83.     Defendants deny the allegations in this paragraph of the Complaint.

### D. Defendants retained poorly performing funds

84.     The Defendants deny the allegations in this paragraph of the Complaint.

85.     The Defendants deny the allegations in this paragraph of the Complaint.

86.     The Defendants deny the allegations in this paragraph of the Complaint.

87.     Sentence six of Paragraph 87 of the Complaint state conclusions of law as to which no answer is required; to the extent an answer is required, the Defendants deny the allegations in this sentence.  The Defendants deny the remaining allegations in this paragraph of the Complaint.

88.     The Defendants admit the allegations in sentence one of this paragraph of the Complaint.  The Defendants further admit that the Plan's investment in the Sterling Capital Select Equity Fund was approximately $167 million as of December 31, 2010. The defendants deny the remaining allegations in this paragraph of the Complaint.

89.     The Defendants deny the allegations in sentence one of Paragraph 89 of the Complaint.  The Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph of the Complaint.  The remaining allegations in Paragraph 89 of the Complaint state conclusions of law as to which no answer is required; to the extent an answer is required, the Defendants deny the allegations.

16

**Defendants included short-term, minimal return fixed income
options while failing to offer a longer duration stable value fund**

90.     The Defendants admit that stable value accounts are used by some 401(k) plans and are a capital preservation investment vehicle.  The Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.  To the extent Plaintiffs' allegations include case citations and quotes from publications, the Defendants believe these citations and publications speak for themselves.

91.     The Defendants admit sentence one of paragraph 91.  The Defendants further admit that, as of year-end 2009, the Plan's investment lineup included the BB&T One-Year Bank Investment Contract and the Federated Treasury Obligations Fund.  The Defendants deny the remaining allegations in this paragraph of the Complaint.

92.     The Defendants deny the allegations in this paragraph of the Complaint.

93.     The Defendants admit the allegations in sentences one and three of this paragraph of the Complaint.  The Defendants deny the allegations in the second paragraph of the Complaint.

94.     Paragraph 94 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

95.     The Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

96.     The Defendants lack knowledge sufficient to form a belief as to the truth of

17

the allegations in this paragraph of the Complaint.

97.     Paragraph 97 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

98.     Paragraph 98 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

99.     Paragraph 99 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

100.    Paragraph 100 of the Complaint states conclusions of law to which no answer is required.  To the extent an answer is required, the Defendants deny the allegations in this paragraph of the Complaint.

**Defendants used a "unitized" structure for the BB&T Common Stock Fund and managed it in a way that caused substantial losses compared to BB&T stock**

101.    The Defendants admit that as of year-end 2014, the Plan's investment option with the largest monetary value was the BB&T Corporation Common Stock.  The Defendants admit the allegations in sentence two of this paragraph of the Complaint.  The Defendants further admit that the cash portion of the fund was, at a time, invested in the Sterling Capital Prime Money Market Fund.  The Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in sentences four and five of this paragraph of the Complaint.  The remaining allegations in this paragraph of the

18

Complaint state conclusions of law to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations in this paragraph of the Complaint.

102.    The Defendants deny the allegations in this paragraph of the Complaint. To the extent Plaintiffs' allegations incorporate case citations, the Defendants believe that court decisions speak for themselves.

103.     The Defendants deny the allegations in this paragraph of the Complaint. To the extent Plaintiffs allegations incorporate case citations, the Defendants believe that court decisions speak for themselves.

104.    The Defendants deny the allegation in this paragraph of the Complaint.

105.    The Defendants deny the allegations in this paragraph of the Complaint.

106.    Paragraph 106 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required; Defendants deny the allegations in this paragraph of the Complaint.  To the extent Plaintiffs' allegations incorporate case citations, the Defendants believe that court decisions speak for themselves.

107.    The Defendants deny the allegations in this paragraph of the Complaint.

**Defendants concealed their fiduciary breaches**

108.    The Defendants deny the allegations in this paragraph of the Complaint.

109.    The Defendants deny the allegations in this paragraph of the Complaint.

110.    The Defendants admit that a document titled "BB&T Corporation 401(k) Savings Plan (the Plan)" that was distributed to plan participants in 2015 stated "The Plan

19

sponsor pays the administration fees for the Plan." The Defendants further admit that account statements sent to participants indicated that, "Retirement plans pay certain fees and expenses for administrative services (e.g. legal, accounting, recordkeeping). Your plan sponsor has paid these fees outside of the plan and not charged to your account. No administrative fees were deducted from your account for this quarter." The Defendants deny the remaining allegations in this paragraph of the Complaint.

111. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

112. Defendants admit that the summary plan description currently available on BB&T's website states that the fund's cash balance is invested in the Sterling Capital Prime Money Market Fund. Defendants further admit that the Sterling Capital Prime Money Market Fund is no longer available. Defendants deny the remaining allegations in this paragraph of the Complaint.

113. Paragraph 113 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

114. The Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

**Defendants also concealed other information they are required to provide**

115. The Defendants admit that Plaintiff Kirouac, through counsel, made a request for certain documents. The remainder of the allegations in Paragraph 115 of the Complaint state conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

116. The Defendants deny the allegations in this paragraph of the Complaint. To the extent Plaintiffs' allegations incorporate case citations, court decisions speak for themselves.

## ERISA'S FIDUCIARY STANDARDS AND PROHIBITED TRANSACTIONS

117. Paragraph 117 of the Complaint states conclusions of law as to which no answer is required. To the extent Plaintiffs' allegations incorporate the text of a statute, the Defendants believe the statute speaks for itself.

118. Paragraph 118 of the Complaint states conclusions of law as to which no answer is required. To the extent Plaintiffs' allegations incorporate a portion of the text of a statute, the Defendants believe the statute speaks for itself.

119. Paragraph 119 of the Complaint states conclusions of law as to which no answer is required. Plaintiffs' allegations incorporate a quote from a court decision that speaks for itself.

120. Paragraph 120 of the Complaint states conclusions of law as to which no answer is required. To the extent Plaintiffs' allegations incorporate quotes from a court decision, that decision speaks for itself.

121.   Paragraph 121 of the Complaint states conclusions of law as to which no answer is required. To the extent Plaintiffs' allegations incorporate quotes from a court decision, that decision speaks for itself.

122.   Paragraph 122 of the Complaint states conclusions of law as to which no answer is required. To the extent Plaintiffs' allegations incorporate a portion of the text of a statute, the statute speaks for itself.

123.   Paragraph 123 of the Complaint states conclusions of law as to which no answer is required. To the extent Plaintiffs' allegations incorporate a portion of the text of a statute, the statute speaks for itself.

124.   Paragraph 124 of the Complaint states conclusions of law as to which no answer is required. To the extent Plaintiffs' allegations incorporate a portion of the text of a statute, the statute speaks for itself.

125.   Paragraph 125 of the Complaint states conclusions of law as to which no answer is required. To the extent Plaintiffs' allegations incorporate a portion of the text of a statute, the statute speaks for itself.

## CLASS ACTION ALLEGATIONS

126.   Paragraph 126 of the Complaint states conclusions of law as to which no answer is required. To the extent Plaintiffs' allegations incorporate a portion of the text of a statute, the statute speaks for itself.

127.   Paragraph 127 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations

22

in this paragraph of the Complaint.

128.     Paragraph 128 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

129.     Paragraph 129 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

130.     The Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

## COUNT I

### Breach of Duties of Loyalty and Prudence—Excessive Administrative Fees

131.     The Defendants incorporate their previous responses to paragraphs 1-130 of the Complaint.

132.     The Defendants admit that Plaintiffs seek to allege claims against certain Defendants.  The Defendants deny that Plaintiffs have stated claims that entitle them to relief and deny the allegations in this paragraph of the Complaint.

133.     The Defendants admit that the Compensation Committee and the Employee Benefits Plan Committee are named fiduciaries under the Plan.  The remaining allegations in Paragraph 133 of the Complaint state conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

23

134.    Paragraph 134 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

135.    Paragraph 135 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.  To the extent Plaintiffs' allegations incorporate case citations, court decisions speak for themselves.

136.    The Defendants admit that Branch Banking and Trust Company is the Plan's recordkeeper.  The remaining allegations in Paragraph 136 of the Complaint state conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

137.    Paragraph 137 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

138.    Paragraph 138 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

## Count II

### Breach of Duties of Loyalty and Prudence-
### Excessive Investment Management Fees and performance Losses

139.    The Defendants incorporate their previous responses to paragraphs 1-138 of the Complaint.

24

140. The Defendants admit that Plaintiffs seek to allege claims against certain Defendants. The Defendants deny that Plaintiffs have stated claims that entitle them to relief and deny the remaining allegations in this paragraph of the Complaint.

141. Paragraph 141 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

142. This paragraph of the Complaint incorporates a quote from a case decision that speaks for itself.

143. Paragraph 143 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

144. Paragraph 144 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

145. Paragraph 145 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

146. Paragraph 146 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

## Count III

### Breach of Duties of Loyalty and Prudence-
### Use of Short Term Fixed Income Options Instead of Stable Value Fund

147.    The Defendants incorporate their previous responses to paragraphs 1-146 of the Complaint.

148.    The Defendants admit that Plaintiffs seek to allege claims against certain Defendants.  The Defendants deny that Plaintiffs have stated claims that entitle them to relief and deny the remaining allegations of this paragraph of the Complaint.

149.    The Defendants admit that section 10.1.5 of the plan document dated January 1, 2007 states that the duties of the Compensation Committee are: "(a) determine from time to time the investment funds to be made available to participants; and (b) To adopt an investment policy statement for the plan."  The Defendants deny the remaining allegations in this paragraph of the Complaint.

150.    The Defendants admit that, at a time, the Plan investment options included the BB&T Corporation One-Year Bank Investment Account, and the Federated Investors Treasury Obligations Fund.  The remainder of the allegations in this Paragraph of the Complaint state conclusions of law to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations in this paragraph of the Complaint.

151.    Paragraph 151 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

## Count IV

## Breach of Duties of Loyalty and Prudence- BB&T Common Stock Fund

152.    The Defendants incorporate their previous responses to paragraphs 1-151 of the Complaint.

153.    The Defendants admit that Plaintiffs seek to allege claims against certain Defendants.  The Defendants deny that Plaintiffs have stated claims that entitle them to relief and deny the remaining allegations of this paragraph of the Complaint.

154.    Paragraph 154 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

155.    Paragraph 155 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint. To the extent Plaintiffs allegations incorporate quotes from court decisions, the decisions speak for themselves.

156.    Paragraph 156 of the Complaint states conclusions of law as to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

157.    Paragraph 157 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

**Count V**

**Failure to Monitor Fiduciaries**

158.　The Defendants incorporate their previous responses to paragraphs 1-157 of the Complaint.

159.　The Defendants admit that Plaintiffs seek to allege claims against certain Defendants.　The Defendants deny that Plaintiffs have stated claims that entitle them to relief and deny the remaining allegations in this paragraph of the Complaint.

160.　Paragraph 160 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

161.　The Defendants admit the allegations in the first sentence of this paragraph of the Complaint.　The Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint.

162.　Paragraph 162 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

163.　Paragraph 163 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

164.　Paragraph 164 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

28

165.    Paragraph 165 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

166.    Paragraph 166 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

167.    Paragraph 167 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

## Count VI

## 29 U.S.C. § 1106(a) - Prohibited Transactions between plan and party in interest

168.    The Defendants incorporate their previous responses to paragraphs 1-167 of the Complaint.

169.    The Defendants admit that Plaintiffs seek to allege claims against certain Defendants.  The Defendants deny that Plaintiffs have stated claims that entitle them to relief and deny the remaining allegations in this paragraph of the Complaint.

170.    The Defendants admit that the Plan's investment lineup included Affiliated Mutual Funds  and that the Plan used Branch Banking and Trust Company as the Plan's trustee and recordkeeper.  Defendants deny the remaining allegations in this paragraph of the Complaint.

171.    The Defendants admit that BB&T Corporation, Sterling Capital

Management LLC, and Branch Banking and Trust Company are all parties in interest. The Defendants further admit that the employees of Sterling Capital Management LLC and Branch Banking and Trust Company are employees covered by the Plan. The Defendants deny the remaining allegations in this paragraph of the Complaint.

172.　Paragraph 172 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

173.　Paragraph 173 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

## Count VII

### 29 U.S.C. § 1106(b) - Prohibited Transactions between plan and party in interest

174.　The Defendants incorporate their previous responses to paragraphs 1-173 of the Complaint.

175.　Paragraph 175 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

176.　Paragraph 176 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

177.　Paragraph 177 of the Complaint states conclusions of law as to which no

answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

178.     Paragraph 178 of the Complaint states conclusions of law as to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

179.     Paragraph 179 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

180.     Paragraph 180 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.


## Count VIII

### 29 U.S.C. § 1132(a)(3) - other equitable relief based on receipt of ill-gotten proceeds

181.     The Defendants incorporate their previous responses to paragraphs 1-180 of the Complaint.

182.     The Defendants admit that Plaintiffs seek to allege claims against certain Defendants.  The Defendants deny that Plaintiffs have stated claims that entitle them to relief and deny the remaining allegations of this paragraph of the Complaint.

183.     Paragraph 183 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint. To the extent Plaintiffs' allegations incorporate the

text of a statute, the statute speaks for itself.

184.    Paragraph 184 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

185.    Paragraph 185 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

186.    Paragraph 186 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

187.    Paragraph 187 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

188.    Paragraph 188 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

189.    Paragraph 189 of the Complaint states conclusions of law as to which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph of the Complaint.

## JURY TRIAL DEMANDED

190.    Defendants deny that the Plaintiffs are entitled to a trial by jury.

* * * * *

32

## DEFENDANTS' AFFIRMATIVE DEFENSES

1.     Plaintiffs have failed to state a claim upon which relief can be granted.

2.     Plaintiffs' claims are barred, in part, by the applicable statute of limitations.

3.     Plaintiffs lack standing to assert their claims.

4.     Plaintiffs' claims for liability are barred in whole, or in part, by ERISA § 404(c), 29 U.S.C. § 1104(c), including that Plaintiffs exercised independent control over their investment elections in the Plan.

5.     Plaintiffs' claims for liability are barred in whole, or in part, by ERISA § 408, and the statutory, class, and other exemptions granted by the Secretary of Labor.

6.     Plaintiffs' claims are barred in whole, or in part, because any loss suffered by Plaintiffs was not caused by the fault or wrongdoing of the Defendants or persons or entities over which the Defendants has responsibility or control.

7.     Plaintiffs' claims are barred to the extent they have failed to mitigate any losses.

8.     Plaintiffs have failed to plead fraudulent concealment, necessary to toll the ERISA statute of limitations, with the requisite specificity.

9.     Plaintiffs' claims are barred by the doctrines of ratification, waiver, and estoppel.

10.     Plaintiffs' action may not properly be maintained as a class action.

11.     Defendants reserve the right to assert and pursue additional defenses that may become known through discovery or otherwise.

Respectfully submitted,


GROOM LAW GROUP, CHARTERED

/s/ Michael J. Prame
Michael J. Prame *
Paul Rinefierd*
1701 Pennsylvania Ave., NW
Washington, DC 20006
Phone: (202) 861-9383
Fax" (202) 659-4503
Email: mprame@groom.com
prinefierd@groom.com

*Appearing by special appearance


WOMBLE CARLYLE SANRIDGE & RICE,

Ronald R. Davis
NC State Bar No. 20408
Brent F. Powell
NC State Bar No. 41938
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: rdavis@wcsr.com
        brpowell@wcsr.com


Debbie W. Harden
NC State Bar No. 10576
One Wells Fargo Center
301 South College Street, Suite 3500
Charlotte, NC 28202
Telephone: (704) 331-4900
Facsimile: (704) 331-4955

Attorneys for Defendants

## CERTIFICATE OF SERVICE

This is to certify that, on May 20, 2016, a copy of the foregoing ***ANSWER TO CONSOLIDATED AMENDED COMPLAINT*** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send notification of filing to the following:

Kai H. Richter*
krichter@nka.com

Adam W. Hansen*
ahansen@nka.com

Carl F. Engstrom*
cengstrom@nka.com

Heather Lea*
hlea@uselaws.com

Jerome J. Schlichter*
jschlichter@uselaws.com

Sean E. Soyars*
ssoyars@uselaws.com

Michael A. Wolff*
mwolff@uselaws.com

David B. Puryear, Jr.
puryear@puryearandlingle.com

Troy A. Doles*
tdoles@uselaws.com

Attorneys for Plaintiffs

*Appearing by special appearance*

/s/ Michael J. Prame
Michael J. Prame*
Groom Law Group, Chartered
1701 Pennsylvania Ave., NW
Washington, DC 20006
Phone: 202-861-6633
Fax: 202-659-4503