# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BURKE BOWERS, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:15-CV-732 |
| BB&T CORPORATION, *et al.*, | ) ) ) | |
| Defendants | ) ) | |
| BREWSTER SMITH, JR., *et al.*, | ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:15-CV-841 |
| BB&T CORPORATION, *et al.*, | ) ) ) | |
| Defendants | ) ) | |

### DEFENDANT CARDINAL INVESTMENT ADVISORS, LLC'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS THE CONSOLIDATED SECOND AMENDED COMPLAINT

Defendant Cardinal Investment Advisors, LLC ("Cardinal") files this Reply to Plaintiffs' Response to Cardinal's Motion to Dismiss Plaintiffs' Second Consolidated Amended Complaint (the "Complaint").

## I. Summary of Reply

Cardinal is neither the sponsor, nor a fiduciary with any decision making authority for the Plan in question. Cardinal merely served as an investment advisor to the BB&T Committee providing it with a range of consulting services to assist the Committee in making investment decisions for the Plan. Casting an impermissibly wide net in a

1

belated attempt to force another defendant to face the prospect of defending against a costly and time consuming class action lawsuit in the hopes of coercing a settlement, Plaintiffs simply added the words "and Cardinal" to its pending lawsuit against the BB&T Defendants. In doing so, Plaintiffs failed to satisfy the *Iqbal/Twombly* pleading requirements and their Complaint against Cardinal should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. Argument and Authorities

A. <u>Under the governing pleading standard, more than mere notice is required.</u>

This case requires the Court to apply the pleading standards articulated in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), to the claims of alleged breaches of fiduciary duties by Cardinal under ERISA. It is too "simplistic" to assert, as Plaintiffs have, that mere "notice pleadings" are all that is required in a complaint when other provisions of the Federal Rules require significantly more specificity be plead. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (2009), *citing 5C Wright & Miller* Fed. Prac. & Proc. Civ. § 1202, at 88 (3d ed. 2004). A plaintiff is obligated to provide in its complaint the grounds as to why it is entitled to relief and this "requires more than labels and conclusions, and a formulaic recitation of the cause of actions elements . . ." *Twombly*, 555 U.S. at 545. "Factual allegations must be enough to raise a right to relief above the speculative level…" *Id.* Plaintiffs' Complaint fails this test and it does not provide Cardinal "fair notice of what the ... claim is and the grounds upon which it rests." *Id.*

Unlike many of the cases cited by Plaintiffs in their Response, this is not a case where Plaintiffs "lack the inside information necessary to make their claims in detail." (Doc 126 at 7). Importantly, Cardinal's Motion does not challenge an initial pleading filed upon information and belief by an aggrieved investor or plan participant without access to relevant information. The pleading at issue is a ***second*** amended complaint filed 15 months after the lawsuit was first initiated and at the close of document discovery. Plaintiffs had access to documents detailing the relationship between Cardinal and the BB&T Defendants and the advisory services provided by Cardinal, yet they chose not to, or could assert the requisite facts rendering their Complaint insufficient.

The gist of Plaintiffs' Response is that "this Court has already found that Plaintiffs plausibly stated similar claims against the BB&T defendants" so it should deny Cardinal's Motion (Doc 126 at 16-17).[1] Without citing any authority, Plaintiffs make the assertion that "ERISA claims are inevitably fact intensive and inappropriate for dismissal." (Doc 126 at 1). This assertion is simply not the standard and is incorrect. *See Pension Benefit Guar. Corp. ex rel. St. Vincent v. Morgan Stanley Inv. Mgmt.* 712 F.3d 705, 718-724 (2d Cir. 2013)(investment advisor's motion to dismiss granted because plaintiff failed to either plead factual allegations directly referring to the process the fiduciary used to provide its advice, or sufficient nonconclusory factual content to raise a plausible inference of misconduct).

---

[1] In preparing the Complaint, Plaintiffs occasionally added the words "and Cardinal" to the factual allegations previously asserted against the BB&T Defendants. (Doc 113 at 11-14).

Cardinal does not dispute the fact that it provided general financial consulting services to the BB&T Committee beginning in 2009 (Doc 113 at 3). But this lawsuit is not about any alleged "bad advice" or improper recommendations made by Cardinal. It concerns investment decisions made by the BB&T Defendants, not Cardinal, and decisions regarding plan structure and investment selections dating back to 2007; prior to Cardinal's involvement in any capacity. (Doc 88 at 37; Doc 113 at 16).

B.  Extraneous materials actually support dismissal of the Complaint against Cardinal.

Plaintiffs attempt to bootstrap their defective allegations against Cardinal by attaching and referencing documents produced in discovery.[2] Cardinal objects to the inclusion of materials outside the pleadings and respectfully requests the Court limit its review to the Complaint and service agreements referenced in the Complaint and not consider the extraneous discovery documents attached to and referenced by Plaintiffs in their Response. See *5C Wright & Miller* Fed. Prac. & Proc. Civ. §1366 at 159 (3d ed. 2004).

However, because Plaintiffs did submit this extraneous discovery in its Response, Cardinal is compelled to briefly point out that Plaintiffs had this discovery in its possession for months and, thus, Plaintiffs' counsel was well aware of the specific details of the business relationship between Cardinal and BB&T months prior to the filing of the

---

[2] While a Court on a 12(b)(6) motion may consider exhibits such as contracts integral to a complaint, "generally a court is not to consider matters outside of the pleadings." *Forshaw Industries, Inc. v. Insurco, Ltd.*, 2 F. Supp.3d 772 (2014), *citing Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

4

Complaint against Cardinal. Further, Plaintiffs mischaracterize the contents of the documents themselves. The materials do not show Cardinal employees acting in a fiduciary capacity or making investment decisions regarding Plan assets or the structure of various funds at issue. The documents, at best, serve to confirm that all investment decisions were made by the BB&T Defendants and not Cardinal.

C.     Possible settlement extortion can be taken into account by this Court.

In a situation, such as the present case where the Plaintiffs are ultimately seeking class action status, discovery can be extensive and expensive. *See Twombly*, 555 U.S. at 546. Further, Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, as interpreted in *Twombly* and *Iqbal,* help "to prevent settlement extortion-using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit." *Am. Bank v. City of Menasha,* 627 F.3d 261, 266 (7th Cir.2010); *see also, e.g., DM Research, Inc. v. Coll. of Am. Pathologists,* 170 F.3d 53, 55 (1st Cir.1999) ("[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition.").

D.     Plaintiffs' claims against Cardinal lack the requisite factual detail.

In Count I, Plaintiffs assert a claim for breach of fiduciary duty against Cardinal, alleging that Cardinal "failed to engage in a prudent and loyal process to ensure that the compensation paid to BB&T or its subsidiary was reasonable for the administrative

5

services provided to the Plan." However, Cardinal's Agreements with BB&T clearly show that exercising any control over the selection of the recordkeeper/administrative service provider was not among the tasks Cardinal agreed to perform for the Committee. And, there are no factual allegations in the Complaint that showed Cardinal undertook the responsibility to monitor the plans asset-based recordkeeping fees and failed to carry out those responsibilities accurately. (Doc 113 at 15).

In Count II, Plaintiffs contend that Cardinal failed to properly monitor and manage the assets of the Plan. However, Plaintiffs allege no facts which show that Cardinal ever had that responsibility, and the Agreements make clear that Cardinal was not tasked with that responsibility. Moreover, in its Response, Plaintiffs cited 21 paragraphs of the Complaint that allegedly support its claim that "Cardinal failed to adequately monitor and investigate the asset-based revenue sharing payments from the Plans mutual fund investment." (Doc 126 at 2 citing ¶¶ 45-65 of the Complaint [Doc 88]). However, when the Court looks at paragraphs 45-65 of the Complaint it will see that Cardinal is not mentioned at all in 15 of the 21 paragraphs. In the remaining 6 paragraphs, Plaintiffs did not assert any detailed factual allegations of wrongdoing involving Cardinal. Instead, Plaintiffs merely added the words "and Cardinal" in nine (9) places within previously asserted allegations against BB&T. (Doc 88 ¶¶ 55, 58, 62-65).

In Count III, Plaintiffs contend Cardinal failed to properly evaluate and monitor the Plan's investments. Once again, this Count contradicts what the Agreements show

6

Cardinal had been retained to do, and the Complaint contains no factual allegations that show that Cardinal acted in direct contravention of the Agreements.

When discussing counts II-IV, (Doc 126 at 18), Plaintiffs contend that their sparse and conclusory allegations "amply demonstrate that Cardinal's investment advice was 'tainted by failure of effort, competence or loyalty.'" However, no allegations appear anywhere in the Complaint in which Plaintiffs take issue with any investment advice provided by Cardinal. Plaintiffs' allegations must rise or fall based on what is contained in the four corners of the pleading and the service agreements referenced therein, and Plaintiffs after-the-fact characterizations of its pleading are insufficient to elevate it from the realm of mere "legal conclusions," *Iqbal,* 556 U.S. at 679, to defeat Cardinal's Motion.

Plaintiffs further state in its Response that "Cardinal also imprudently and disloyally advised plan fiduciaries to maintain short term fixed income options with microscopic returns, while failing to offer a superior, safer stable value fund or comparable fund(sic) with enhanced returns,…" (Doc 126 at 2). However, Plaintiff failed to allege any facts in the Complaint questioning the advice provided by Cardinal.

Surprisingly, Plaintiffs continue to assert that Cardinal was somehow involved in the decision by BB&T to maintain a "unitized" fund even though that decision was made by BB&T *in 2007*, well before Cardinal ever started providing any advice to BB&T. (Doc 88 at 37; Doc 113 at 17). It is not plausible for Cardinal to be potentially liable for actions that clearly were taken by a third party before it ever came on the scene and

7

Plaintiffs' Complaint fails to provide any notice or reasoning about how Cardinal could have liability for that decision.

Cardinal provided advice and recommendations to BB&T. BB&T made all investment decisions, selected the funds, and decided whether to maintain previously selected funds. No facts are alleged (or can be alleged) that show Cardinal made any investment decisions that are at issue in this lawsuit. Indeed, the 2009 and 2012 Agreements between BB&T and Cardinal expressly stated that Cardinal did *not* have any investment decision-making authority, and Plaintiffs have failed to offer any factual allegations to the contrary. *See Pension Benefit Guar. Corp. ex rel. St. Vincent v. Morgan Stanley Inv. Mgmt.* 712 F.3d 705, 719 (2d Cir. 2013) (to establish a reasonable inference of liability, a complaint must allege facts that are "suggestive of, rather than merely consistent with, a finding of misconduct."). Plaintiffs' Complaint does not contain facts suggesting any misconduct by Cardinal relating to the investment decisions at issue.

E.   Failure to plead facts alleging co-fiduciary liability.

ERISA permits for joint and several liability only under certain circumstances.[3] To establish a prima facie claim of liability under Section 405 of ERISA, Plaintiffs must allege facts tending to show that the fiduciary knew that the other party was a fiduciary,

---

[3] (1) if [the fiduciary] participates knowingly in, or knowingly undertakes to conceal, an act or omission of [another] fiduciary, knowing such act or omission is a breach; (2) if, by [the fiduciary's] failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled [another] fiduciary to commit a breach; or (3) if [the fiduciary] has knowledge of a breach by [another] fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a), ERISA § 405.

8

that the co-fiduciary participated in the act constituting the breach, and that the act actually constituted a breach; under (2), Plaintiffs must show that the co-fiduciary's breach resulted from the fiduciary's breach of one of his duties. *See Brink v. DaLesio,* 496 F.Supp. 1350, 1383 (D.Md.1980), *rev'd on other grounds,* 667 F.2d 420 (4th Cir.1981). However, there are no facts in the Complaint that would support, either directly or by inference, all of the elements of the prima facie case that Plaintiffs must establish. *Atwood v. Burlington Indus. Equity, Inc.,* No. 2:92CV00716, 1994 WL 698314, at *15 (M.D.N.C. Aug. 3, 1994).[4]

F. <u>Plaintiffs failed to sufficiently plead Cardinal's potential liability as a functional fiduciary.</u>

In order to properly plead a cause of action for an ERISA violation against a person or entity that is alleged to be a "functional fiduciary," the plaintiff must do more than make assertions of fiduciary status; it must make "specific allegations capable of demonstrating that" the defendant was a fiduciary. *See Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996) (internal citations omitted). Further, "a party is a fiduciary only as to the activities which bring the person within the definition [and] a court must ask whether a person is a fiduciary with respect to the particular activity at issue." *Coleman v. Nationwide Life Ins. Co.,* 969 F.2d 54, 61 (4th Cir. 1992).

It is not sufficient for the Plaintiff to merely recite "the elements of a cause of action…. [or tender] 'naked assertion[s]' devoid of 'further factual enhancement.'"

---

[4] Cardinal's Motion challenged Plaintiffs' failure to plead facts giving rise to potential liability as a functional fiduciary. (Doc 113 at 10).

9

*Iqbal*, 556 U.S. at 678. Facts showing or tending to show the existence of all of these elements ***must*** be contained in the complaint to defeat a motion to dismiss, and if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679. When, as here, Plaintiffs fail to plead facts showing or tending to show the existence of all of these elements, Plaintiffs' claim is susceptible to challenge via a motion to dismiss.

G. Dismissal is appropriate and not "unfair" to Plaintiffs.

Plaintiffs assert that it would be "unfair" for the Court to grant Cardinal's Motion because of a potential, hypothetical argument that might be made by one of the BB&T Defendants at trial. This argument has no merit. What is missing from Plaintiffs' theory and what is missing from Plaintiffs' Complaint are any alleged facts that show a nexus between Cardinal's actions ***as a fiduciary*** and the claims giving rise to Plaintiffs' alleged damages. *Tiblier v. Dlabal*, 743 F.3d 1004, 1007-08 (5th Cir. 2014) ("it is not enough for plaintiffs to show that [defendant] acted in a general fiduciary capacity").

### III. Prayer

For the reasons set forth above and those set forth in its Motion to Dismiss (Doc 109) and Memorandum in Support of same (Doc 113), Defendant Cardinal Investment Advisors, LLC respectfully requests that the Court dismiss Plaintiffs' Consolidated Second Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rules 7.2 and 7.3.

Dated this 14th day of March 2017.

>Respectfully submitted,
>
>POLSINELLI PC
>
>By */s/ Robert J. Garrey*
>      Robert J. Garrey*
>      Texas Bar No. 07703420
>      bgarrey@polsinelli.com
>
>POLSINELLI PC
>2950 N. Harwood St., Ste. 2100
>Dallas, Texas 75201
>Telephone: (214) 397-0030
>Facsimile: (214) 397-0033
>
>
>*/s/ Colleen Crowley*
>Colleen Crowley, NC Bar #25375
>555 Fayetteville Street, Suite 720
>Raleigh, NC 27601
>Telephone: (919) 832-1744
>Facsimile:   (919) 832-1794
>
>*Appearing by Special Appearance
>
>**ATTORNEYS FOR DEFENDANT CARDINAL INVESTMENT ADVISORS, LLC**

# CERTIFICATE OF SERVICE

This is to certify that on the 14th day of March 2017, I filed the forgoing document using the courts CM/ECF system, which will automatically send notification of filing to the following parties:

NICHOLS KASTER, PLLP
Kai H. Richter, MN No. 0296545 *
Carl F. Engstrom, MN No. 0396298*
4600 IDS Center
80 S 8th Street
Minneapolis, MN 55402
(612) 256-3200, (612) 338-4878 (fax)
krichter@nka.com
cengstrom@nka.com

*Proposed Additional Class Counsel and Attorneys for Bowers Plaintiffs*

SCHLICHTER BOGARD & DENTON
Jerome J. Schlichter, MO No. 32225*
Heather Lea, MO No. 49872*
Sean E. Soyars, MO No. 57317*
100 South Fourth Street
St. Louis, MO 631025
(314) 621-6115, (314) 621-7151 (fax)
jschlichter@uselaws.com
hlea@uselaws.com
ssoyars@uselaws.com

*Proposed Lead Class Counsel and Attorneys For Smith Plaintiffs*

GROOM LAW GROUP, CHARTERED
Michael J. Prame*
Mark Bieter*
Justin Holmes*
Paul Rinefierd*
1701 Pennsylvania Ave., NW
Washington, DC 20006
(201) 861-6633, (202) 659-4501 (fax)

*Attorneys for Defendants*

WOMBLE CARLYLE SANDRIDGE & RICE
Ronald R. Davis, NC State Bar No. 20408
Brent F. Powell, NC State Bar No. 41938
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600, (336) 721-3660 (fax)
brpowell@wcsr.com

Debbie W. Harden, NC State Bar No. 10576
One Wells Fargo Center
301 South College Street, Suite 3500
Charlotte, NC 28202
(704) 331-4900, (704) 331-4955 (fax)
dharden@wcsr.com

*Attorneys for Defendants*

12

PURYEAR & LINGLE, PLLC
David B. Puryear, Jr.
NC State Bar No. 11063                *Appearing by Special Appearance
5501-E Adams Farm Lane
Greensboro, NC  27407
(336) 218-0227
Puryear@puryearandlingle.com

*Local Counsel for Smith Plaintiffs*

                                  */ s/ Robert J. Garrey*
                                  Robert J. Garrey
                                  *Attorney for Defendant Cardinal Investment Advisors, LLC*