IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT SIMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:15-CV-732 |
| | ) | 1:15-CV-841 |
| BB&T CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The plaintiffs, current and former participants in the BB&T Corporation 401(k) Savings Plan, sued BB&T Corporation and related defendants under ERISA for breach of their fiduciary duties in managing the Plan. On December 19, 2016, the plaintiffs filed a second amended complaint, adding Cardinal Investment Advisors as a defendant. The Court dismissed the claims against Cardinal on April 18, 2017, finding that the complaint did not allege facts that "Cardinal did any specific thing" in breaching its fiduciary duty or "indicating that [Cardinal] was a fiduciary with respect to the particular activities at issue." Doc. 150.

The plaintiffs now seek as well as leave to amend the complaint to again assert claims against Cardinal. Because the plaintiffs have not shown good cause and because the filing of a third amended complaint at this late date would unfairly prejudice Cardinal, the Court will deny the motion to amend. *See* Doc. 166.

The plaintiffs also seek clarification that the Court's order dismissing Cardinal is not final. The Court will grant the plaintiffs' motion to clarify. *See* Doc. 163. The order

dismissing Cardinal as a defendant in this case was not a final order. *See* Doc. 150. The order only dismissed one defendant and thus "adjudicate[d] fewer than all the claims or the rights and liability of fewer than all the parties." Fed. R. Civ. P. 54(b). The Court has made no express determination that "there is no just reason for delay." *Id.*; *see* Doc. 150.

I.  **Relevant Procedural History**

Plaintiffs initially brought suit in September 2015 and then amended the complaint in December 2015 to reflect the consolidation of a related action with similar claims by another plaintiff. *See* Docs. 1 and 34. The plaintiffs filed a second amended complaint, adding Cardinal as a defendant in this case on December 19, 2016. Doc. 88. In early February 2017, Cardinal moved to dismiss. Doc. 109. On April 18, 2017, the Court dismissed the claims against Cardinal. Doc. 150.

Before Cardinal was added as a defendant, discovery was delayed by a dispute over the terms of a protective order. *See* Doc. 74. The BB&T defendants finally began document production in November 2016, *see* Docs. 86-12 and 86-14, shortly before Cardinal was added as a defendant. Doc. 88. BB&T delivered more documents to the plaintiffs on December 30, 2016. Doc. 98-1. Cardinal provided documents on April 14, 2017, Doc. 197-7, shortly before they were dismissed from the case. *See* Doc. 150.

On May 3, 2017, the plaintiffs filed this motion to amend, seeking leave to file a third amended complaint asserting claims against Cardinal. Doc. 166. The deadline set in the Court' scheduling order for the plaintiffs "to request leave to join additional parties or amend pleadings" had passed on February 1, 2017, Doc. 69 at ¶ 5(a); Doc. 70, before Cardinal filed its motion to dismiss. Doc. 109.

2

## II. The Standard for the Motion to Amend

Under Federal Rule of Civil Procedure 15(a), "leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quotation omitted). "A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). However, to amend a pleading after the time provided by the court, the moving party must show "good cause." Fed. R. Civ. P. 16(b)(4); *Nourison*, 535 F.3d at 298. "'Good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *George v. Duke Energy Ret. Cash Balance Plan*, 560 F. Supp. 2d 444, 480 (D.S.C. 2008).

Because the plaintiffs filed for leave to amend the complaint three months after the pleadings deadline passed, *see* Doc. 166; Doc. 69 at ¶ 5(a), they must show good cause. *See* Fed. R. Civ. P. 16(b)(4). If they show good cause, then the Court considers whether leave to amend should be granted under Rule 15(a). *See Nourison*, 535 F.3d at 298 (finding the Fourth Circuit's understanding of the tension between Rule 15(a) and 16(b)(4) to be "consistent with rulings of other circuits"); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535-36 (5th Cir. 2003).

## III. Good Cause

In November 2016 and before the filing of the second amended complaint, the BB&T defendants produced documents indicating that Cardinal was a fiduciary to the

3

Plan in specific ways. *See* Doc. 204-1 at 2; Doc. 204-5 at 2, 7.[1] The plaintiffs also had Cardinal's final Q1 2009 401(k) Performance & Compliance Report containing its advice and recommendations for the Plan. *See* Doc. 204-2.[2] Despite this, the allegations against Cardinal were conclusory and insufficient to state a claim. Doc. 150. The plaintiffs now seek to rely on these documents and others in its possession before the pleadings deadline to state the same claims against Cardinal with more detailed facts. *See* Doc. 168-1 at ¶¶ 26, 57 (citing Docs. 204-1 and 204-2). They have not explained why they did not include the specific facts they did know in the second amended complaint.[3]

By failing to timely allege the facts that they did know in the second amended complaint, the plaintiffs did not diligently pursue their claims. The plaintiffs have failed to show good cause. *See Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 632 (D. Md. 2003) ("Lack of diligence and carelessness are hallmarks of failure to meet the good cause standard." (quotation omitted)).

---

[1] BB&T included these documents in the discovery described by Docs. 86-12 and 86-14.

[2] Doc. 204-2 was disclosed by BB&T in November 2016, *see* Doc. 86-12, and later by Cardinal. *See* Docs. 199-1 and 197-7.

[3] The plaintiffs assert that they lacked specific information necessary for the factual allegations in the third amended complaint until Cardinal provided discovery on April 14, 2017. Cardinal did provide new documents and more information on its actions related to this case. *Compare, e.g.*, Doc. 199-1 at 3 (final Q1 2009 401(k) Performance and Compliance Report), *with* Doc. 199-6 at 3 (draft Q1 2009 401(k) Performance and Compliance Report). However, that does not explain why the plaintiffs did not allege the facts they did know in the second amended complaint.

## IV. Prejudice

Even if the plaintiffs satisfy the good cause requirement of Rule 16(b), they cannot satisfy Rule 15(a)'s standard for leave to amend. Cardinal would be unfairly prejudiced if the plaintiffs are allowed to file a third amended complaint because of its new factual allegations and because of the posture of the case.

As stated *supra*, a motion to amend should be denied where it would be prejudicial. *Nourison*, 535 F.3d at 298. "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006); *see Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 440 (4th Cir. 2011) (noting the need for additional discovery weighs towards denying leave to amend). The further a case has progressed, the more likely an amendment to the pleadings will be prejudicial. *Newport News*, 650 F.3d at 439-40 (quoting *Laber*, 438 F.3d at 427).

The Court dismissed the second amended complaint for failure to state a claim because it did not plead sufficient facts. Cardinal was not "from the outset made fully aware of the events giving rise to the action," *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), and was essentially flying blind between its addition to the case in December and its dismissal in April. The third amended complaint makes new specific allegations not present in the second amended complaint. *See Laber*, 438 F.3d at 427. Discovery closes on December 31, 2017, Doc. 69 at ¶ 2(d)(i); Doc. 70, giving Cardinal less than five months to complete discovery in a complex case where the other

5

parties have been engaged in discovery and pre-trial litigation for nearly two years. Cardinal would be unfairly prejudiced by this schedule.

Moreover, the case between the BB&T defendants and the plaintiffs has continued to move towards trial while Cardinal has been out of the case.  After the Court dismissed the case against Cardinal in April 2017, a named plaintiff withdrew from the case, Text Order 05/18/2017, the parties filed and the Court resolved several discovery motions, *e.g.*, *id.*; Doc. 169, and the parties completed discovery on the issue of class certification and fully briefed the pending motion for class certification.  *See* Doc. 142; Doc. 205.  *Cf. Manuel v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:14cv238, 2016 WL 1070819, *1 (E.D. Va. Mar. 15, 2016) (noting that class certification marked a pivotal point in the litigation).  Allowing the plaintiff another chance to include Cardinal in the case would delay the Court's decision on class certification and would delay final resolution of the case.

Because of the new factual allegations in the plaintiffs' proposed third amended complaint, the short time before discovery closes, the substantial amount of discovery by the other parties, and the posture of the case, Cardinal would be unfairly prejudiced if the plaintiffs were allowed to amend the complaint.  Therefore the motion to amend will be denied.

It is **ORDERED** that the plaintiffs' motion to clarify this Court's prior order, Doc. 163, is **GRANTED**.  The Court clarifies that its earlier order dismissing Cardinal, Doc. 150, was not a final judgment.

It is **FURTHER ORDERED** that the plaintiffs' motion to file an amended complaint, Doc. 166, is **DENIED**.

This the 14th day of August, 2017.

_____
UNITED STATES DISTRICT JUDGE