IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT SIMS, et al.,                 )
                                     )
          Plaintiffs,                )
                                     )
     v.                              )    1:15-CV-732
                                     )    1:15-CV-841
BB&T CORPORATION, et al.,            )
                                     )
          Defendants.                )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

In this ERISA action, the plaintiffs contend that the defendants breached their fiduciary duties to the plan in connection with fees and investment options. They seek certification of a class made up of current and former participants of the plan. The plaintiffs have met the standards set for class certification set forth in Rule 23(a) and Rule 23(b)(1)(A). Therefore, the Court will grant the motion for class certification.

### BACKGROUND

The Employee Retirement Income Security Act ("ERISA") imposes fiduciary duties "on those responsible for the administration of employee benefit plans and the investment and disposal of plan assets." *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 355 (4th Cir. 2014). A fiduciary who breaches the duties imposed by ERISA is personally liable for any losses to the plan resulting from the breach. 29 U.S.C. § 1109(a). ERISA authorizes any plan participant to bring an action on behalf of the plan

for a breach of fiduciary duty, including the right to seek associated monetary and injunctive relief. 29 U.S.C. §§ 1109(a), 1132(a)(2).

The plaintiffs are current or former participants in the BB&T Corporation 401(k) Savings Plan. Doc. 88 at ¶¶ 11-22; Doc. 99 at ¶¶ 11-22. The plaintiffs assert that the defendants breached their fiduciary duties to the Plan by causing the Plan to incur excessive administrative and investment fees, providing imprudent investment fund options, failing to appropriately monitor Plan fiduciaries, and engaging in prohibited transactions. Doc. 88. The plaintiffs seek equitable and injunctive relief and ask that the defendants "make good to the Plan all losses to the Plan resulting from each breach of fiduciary duties or prohibited transaction." Doc. 88 at p. 85.

The plaintiffs now move to certify the following class of plaintiffs under Federal Rule of Civil Procedure 23:

> All current and former participants and beneficiaries of the [Plan] from January 1, 2007 through the date of judgment, who were injured by the conduct alleged in the Second Amended Complaint, excluding the Defendants.

Doc. 146 at 1. They ask the Court to appoint Schlicter, Bogard & Denton as lead class counsel and Nichols Kaster as an additional counsel for the class under Federal Rule of Civil Procedure 23(g). *Id.* at 2.

## ANALYSIS

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (internal citations omitted). To show that a case falls within the

2

exception, the plaintiff "must affirmatively demonstrate his compliance" with Federal Rule of Civil Procedure 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 318 (4th Cir. 2006) ("[D]istrict courts must conduct a rigorous analysis to ensure compliance with Rule 23." (quotation omitted)).

As threshold matters, the putative class representatives must show that they are members of the proposed class, *see* Fed. R. Civ. P. 23(a) ("One or more members of a class may sue . . . as representative parties on behalf of all members . . . ."), and must establish that the members of the proposed class are "readily identifiable" or "ascertainab[le]." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014) (quotations omitted). The plaintiff must then establish that the case satisfies all four requirements of Rule 23(a) and fits into at least one of the three subsections of Rule 23(b). *Comcast*, 133 S. Ct. at 1432; *Bussey v. Macon Cty. Greyhound Park, Inc.*, 562 F. App'x 782, 787-88 (11th Cir. 2014) (per curiam).

Here, the issues in dispute are whether there are common questions of law or fact; whether the claims of the representative plaintiffs are typical; and whether the representative plaintiffs will adequately protect the interests of the class. Doc. 192 at 15. The defendants also challenge appointment of two, as opposed to one, counsel for the class. *Id.* at 37-38.[1]

---

[1] As an initial matter, the defendants assert that the plaintiffs' motion for class certification should be denied as unsupported because it relies solely on the complaint and does not provide other evidence. Doc. 192 at 7, 18-19. First, the plaintiffs submitted a number of affidavits in

3

### I. Undisputed Issues

The parties do not dispute that the plaintiffs are members of the proposed class and that other members of the proposed class can be readily identified through Plan records. *See, e.g.*, Doc. 192 at 6 (relying on "Plan data" to identify potential range of the class members). The plaintiffs' proposed class includes anywhere from 30,000 to 67,000 individuals, Doc. 99 at ¶ 10; Doc. 192-1 at ¶ 16, which "is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *see Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 6 F.3d 177, 183 (4th Cir. 1993) (noting district court's finding "that some 480 potential class members would easily satisfy the numerosity requirement"). Thus it is undisputed that the named plaintiffs are members of the proposed class and that the proposed class is ascertainable and meets the numerosity requirements of Rule 23(a)(1), and the Court so finds.

There is also no dispute that the proposed class meets the requirements of Rule 23(b)(1)(A): separate actions by individual class members would create a risk of inconsistent and varying adjudications. The defendants acknowledge that if all requirements of Rule 23(a) are met, the case should move forward as a Rule 23(b)(1) class action. Doc. 192 at 15. The Court agrees and finds that the plaintiffs have met the requirements of Rule 23(b)(1) because of the risk of varying adjudications. *See* Doc. 147 at 25-26 (setting forth in detail the risks of varying adjudications).

---

support of the motion. *See* Docs. 147-1 to 147-14. Second, because the basic facts that support class certification are not in dispute, no additional evidence is necessary to support class certification. *See Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

## II. Commonality

To satisfy the commonality requirements, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality "does not require that all, or even most issues be common" and "even a single common question will do." *Dukes*, 564 U.S., at 359; *Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 143 F.R.D. 628, 636, (D.S.C. 1992), *aff'd*, 6 F.3d 177 (4th Cir. 1993).

This case presents numerous questions common to the class, including whether the defendants are fiduciaries to the Plan, the scope of the defendants' fiduciary duties, whether a breach or breaches of fiduciary duties occurred, whether the defendants engaged in prohibited transactions, whether the Plan suffered losses, and how to calculate the Plan's losses. *See* Doc. 88. Cumulatively, and likely independently, these common issues are sufficient to meet the Rule 23(a)(2) requirements, and the Court so finds. *See Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 428 (4th Cir. 2003); *Spano v. Boeing Co.*, 633 F.3d 574, 585-86 (7th Cir. 2011).

The defendants argue that commonality is defeated here because of intra-class conflicts, specifically that the actions alleged in Counts I and IV of the complaint would have harmed or benefitted the Plan participants depending on an the participant's investment strategy. *See* Doc. 192-1 at ¶¶ 12-13.[2] This does not create a conflict.

---

[2] The defendants also argue that typicality is defeated for this reason. Doc. 192 at 24-26. Whether the issue is addressed under commonality or typicality does not affect the outcome because these circumstances do not create an intra-class conflict. *See infra* pp. 5-8.

5

"For a conflict of interest to prevent plaintiffs from meeting the requirement of Rule 23(a), that conflict 'must be fundamental.'" *Gunnells*, 348 F.3d at 430-31 (quotation omitted). The defendants have not demonstrated that varying investment strategies among Plan participants create an intra-class conflict, especially a fundamental conflict. The class as proposed requires that the actions alleged in the complaint injure a Plan participant. At most, the defendants claim that certain of the proposed class members were not injured, but benefitted from, investment in the alleged imprudent funds. *See* Doc. 192-1 at ¶ 12(a). The class would include these Plan participants only if they were injured by the other breaches alleged in the complaint.

The defendants claim that the participants who benefitted by investing in the alleged imprudent funds will be "harmed" if the plaintiffs prevail on these allegations, Doc. 192 at 20-21, and that this creates a conflict. They have not, however, provided any explanation of how a class member could possibly be harmed if damages were recovered on behalf of the Plan, and the Court does not see how this creates a conflict. There is no requirement that Plan participants forfeit investment gains acquired as a result of a breach of fiduciary duty, and the defendants have cited no case for the proposition that a class member who profited from investing in a particular fund would be forced to pay money back to the Plan if the Plan's inclusion of that fund violated the Plan's fiduciary duties.

The defendants' reliance on the *Langbecker* case for the proposition that "class certification [is] inappropriate" if some "class members made money on challenged investment while others lost money" is misguided, if not misleading. Doc. 192 at 19 (citing *Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 315-16 (5th Cir. 2007)). The

Fifth Circuit did not say that class certification was inappropriate. Rather, it remanded to reconsider whether the multiple specifically-identified intra-class conflicts prevented certification. *Langbecker*, 476 F.3d at 315-16. These conflicts had "implications not only for dividing the pie at recovery but also for discovery and preparation for trial," and for "proving the allegations of fiduciary imprudence." *Id.* Here, the alleged "conflicts" arise in connection with only a subset of the causes of action and nothing indicates that a Plan participant's individual investment choices will affect the theories of liability, evidence, or other aspects of case strategy. Speculative intra-class conflicts do not defeat commonality because "the relevant ultimate determination will be the extent to which the Plans were damaged, not any given individuals." *Shanehchian v. Macy's, Inc.*, No. 1:07-CV-00828, 2011 WL 883659, at *8 (S.D. Ohio May 19, 2011); *see also Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 573-75 (D. Minn. 2014) (rejecting intra-class conflicts based on individual investment choices).

The defendants also argue that the lack of an established methodology for determining individual class members' injuries defeats commonality. *See* Doc. 192 at pp. 21-24. This argument misunderstands the nature of the suit. The plaintiffs have filed suit on the Plan's behalf alleging that the defendants' conduct harmed the Plan as a whole and seeking recovery on the Plan's behalf; they assert no claims based on individual losses. *See* Doc. 88 at ¶ 2. The common issues identified above, *see supra* p. 5, do not require individualized proof such that commonality is defeated. "[I]ndividual issues of loss causation do not predominate, indeed are not relevant, unless and until it becomes necessary to allocate any Plan recovery to participants." *DiFelice v. U.S. Airways, Inc.*,

235 F.R.D. 70, 78 (E.D. Va. 2006); *see also Krueger*, 304 F.R.D. at 575. "[A]ny recovery of lost benefits will go to the Plan and will be held, allocated, and ultimately distributed in accordance with the requirements of the Plan and ERISA." *Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59, 66 (M.D.N.C. 2008) (quotation omitted). Should the plaintiffs prevail and in the unlikely event that conflicts develop between and among class members, the Court can take appropriate steps at that time to protect class members. *See In re Suntrust Banks, Inc. ERISA Litig.*, No. 1:08-CV-03384-RWS, 2016 WL 4377131, at *6 (N.D. Ga. Aug. 17, 2016).

### III. Typicality

To satisfy the typicality requirement, the claims of the named plaintiffs must be typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). "The typicality requirement is met where the claims asserted by the named plaintiffs arise from the same course of conduct and are based on the same legal theories as the claims of the unnamed class members." *Tatum*, 254 F.R.D. at 65 (quotation omitted).

In this case, each named plaintiff's claim and each class member's claim is based on the same events and legal theory—a breach of fiduciary duty stemming from the defendants' alleged disloyal and imprudent process for selecting, administering, and monitoring the Plan's investments. *See* Doc. 88. The same is true of the remedial theory—enforcement of the defendants' obligations under section 1109(a) through section 1132(a)(2)—which is identical for the named plaintiffs and the class members. *See* Doc. 88. Therefore, the typicality requirements of Rule 23(a)(3) are satisfied.

The defendants contend that the named plaintiffs' claims are not typical of the class because they have not invested in all of the funds alleged to be imprudent in the complaint. *See* Doc. 192-1 at ¶¶ 14, 31. The defendants rely on the Seventh Circuit's *Spano* decision, which stated that for typicality to be satisfied "it seems that a class representative in a defined-contribution case would at a minimum need to have invested in the same funds as the class members." *Spano*, 633 F.3d at 586. The Fourth Circuit, however, "do[es] not … require that members of the class have identical factual and legal claims in all respects." *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 344 (4th Cir. 1998). Rather, the key question in determining typicality is whether "the interests of the class members will be fairly and adequately protected in their absence." *Id.* at 337 (citing *Falcon*, 457 U.S. at 157 n.13).

Here the plaintiffs' theories of liability rest on the defendants' flawed process for selecting, administering, and monitoring *all* of the Plan investments, not just a few specific funds. *See* Doc. 88 at ¶¶ 46-47, 137, 146, 166. These unified theories of liability ensure that the named plaintiffs have "essentially the same incentive to litigate … because the establishment of the named plaintiffs' claims necessarily establishes those of other class members." *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 770 (1st Cir. 2011) (evaluating adequacy of representation in standing analysis). When the theories of liability are the same, a plaintiff may represent the class even if he or she did not hold all of the contested funds or investments or did not enter into all of the contested agreements. *See, e.g.*, *id.* at 769 (noting, in a Securities Act case, that "[i]n a properly certified class action, the named

9

plaintiffs regularly litigate not only their own claims but also claims of other class members based on transactions in which the named plaintiffs played no part."); *Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3d Cir. 1985); *Krueger*, 304 F.R.D. at 573.[3]

### IV. Adequate Representation

Rule 23(a)(4) requires that class representatives "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). It "serves to uncover conflicts of interest between named parties and the class they seek to represent," as well as "competency and conflicts of class counsel." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 & n.20 (1997).

As discussed above, there are no conflicts among the class members' interests. *See supra* pp. 5-8. The plaintiffs have declared that they will fairly and adequately represent the interests of the class, Docs. 147-1 to 147-12, and have shown commitment to the case by providing deposition testimony. *See* Docs. 192-3 to 192-12. The Court also has reviewed qualifications of proposed class counsel and finds that they meet the requirements of Rule 23(g), *see* Docs. 147-1, 147-2, which the defendants do not contest. Doc. 192 at 38. For these reasons, the Court finds the requirements of Rule 23(a)(4) are satisfied.

---

[3] Many courts also have found that named plaintiffs have standing to pursue claims "that sweep[] beyond [their] own injury" without being concerned that class certification would be affected. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 593 (8th Cir. 2009); *see also Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, No. SACV 15-614-JLS, 2016 WL 4507117, at *4 (C.D. Cal. Aug. 5, 2016); *Glass Dimensions, Inc. v. State St. Bank & Trust Co.*, 285 F.R.D. 169, 175 (D. Mass. 2012).

The defendants claim that all of the named plaintiffs are inadequate class representatives because they lack "knowledge of facts of th[e] case outside what their attorneys have told them." Doc. 192 at 27. The Court does not consider this a barrier to class certification. "It is hornbook law, … that in a complex lawsuit, such as one in which the defendant's liability can be established only after a great deal of investigation and discovery by counsel against a background of legal knowledge, the representative need not have extensive knowledge of the facts of the case in order to be an adequate representative." *Gunnells,* 348 F.3d at 430 (quotation omitted). The complex nature of ERISA fiduciary breach claims requires investors to rely on their attorneys and hired experts, and such reliance does not make the plaintiffs inadequate representatives. *See Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 372-73 (1966). For this same reason, an investor's lack of concerns about the Plan before being contacted by a lawyer does not make the investor an inadequate representative.

The defendants also identify three named plaintiffs who have paid limited attention to case filings, including their own interrogatories. *See, e.g.*, Doc. 194-8 at 133:9-134:23. The identified behaviors are relevant to adequate representation and do raise concerns. However, the remaining plaintiffs for which no such behaviors have been identified ensure that the named plaintiffs as a whole will adequately represent the class.

## V. Appointment of Class Counsel

The defendants have requested that only one firm be appointed class counsel to prevent duplication of effort, general inefficiencies, and waste of resources. Doc. 192 at 37-38. Both Schlichter, Bogard & Denton and Nichols Kaster have invested in

11

identifying and investigating the claims at issue, and both have the relevant experience and knowledge.  *See* Fed. R. Civ. P. 23(g)(1)(A); Docs. 147-1, 147-2.  The defendants have not identified any specific duplication of effort, general inefficiencies, or waste of resources that have occurred since the cases, now combined, were filed in the fall of 2015.

Moreover, this is a complicated case that will no doubt require the work of a significant number of attorneys, and there is no reason to think that class counsel will not cooperate with each other in efficiently dividing up the work to be done.  Considering the complex nature of the case, both counsels' qualifications and historic involvement, the lack of identified inefficiencies, and the amount of work this case has required and will require, the Court finds that the plaintiffs' interests would be "fairly and adequately" represented by appointment of both Schlichter, Bogard & Denton and Nichols Kaster as class counsel.  Fed. R. Civ. P. 23(g)(1)(B).

## CONCLUSION

The plaintiffs are members of the proposed class; the proposed class is numerous but ascertainable; many common questions of law and fact have been identified; the named plaintiffs' claims are typical of the class claims; and the named plaintiffs and proposed class counsel are capable of adequately representing class interests.  The minor differences that the defendants identified between the named plaintiffs and proposed class, and within the proposed class, are not material to the plaintiffs' theories of liability.  The plaintiffs have met the standards set for class certification set forth in Rule 23(a) and Rule 23(b)(1)(A).  Therefore, the Court will grant the motion for class certification.

It is **ORDERED** that the plaintiffs' motion for class certification, Doc. 146, is **GRANTED**.

This the 28th day of August, 2017.

_____
UNITED STATES DISTRICT JUDGE