IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT SIMS, et al.,

    Plaintiffs,

v.

BB&T CORPORATION, et al.,

    Defendants.

No. 1:15-cv-732-CCE-JEP
    1:15-cv-841-LCB-JEP

**MEMORANDUM IN SUPPORT OF THE BB&T DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS OF DR. GERALD BUETOW <u>AS TO ERISA FIDUCIARY DUTY AND DAMAGES</u>**

Ronald R. Davis
Brent F. Powell
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101

Michael J. Prame*
Mark L. Bieter*
Justin M. Holmes*
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., NW
Washington, DC 20006

*By special appearance*

# Table of Contents

INTRODUCTION ............................................................................................................. 1

BACKGROUND .............................................................................................................. 3

STANDARD OF REVIEW ............................................................................................. 5

ARGUMENT .................................................................................................................... 6

    I.      Dr. Buetow's Damages Methodology and ERISA Fiduciary Duty Opinion are Speculative, Baseless, and Have Never Been Used or Tested. ............. 6

    II.     Dr. Buetow's Damages Theory Contradicts the Facts of This Case and His Own Standards, and Is Therefore Neither Reliable Nor Relevant. ............. 11

          A. Mutual Funds .................................................................................. 13

          B. BB&T Common Stock Fund ................................................................ 14

          C. BIC ........................................................................................................ 15

CERTIFICATE OF COMPLIANCE WITH WORD COUNT ........................................ 17

CERTIFICATE OF SERVICE ........................................................................................ 18

# INTRODUCTION

Plaintiffs rely on Dr. Gerald Buetow's opinion to attempt to establish purported losses resulting from BB&T Defendants' alleged breaches of their fiduciary duties as to investment options in the BB&T 401(k) Savings Plan (the "Plan"). Dr. Buetow admitted during his deposition, ███████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Because Dr. Buetow's opinions conflict with ERISA's standards and employ an unreliable methodology, they will not assist the Court as the trier of fact and should be excluded.

In his rebuttal report and his second deposition, Dr. Buetow offered a damages theory (revised from his original theory) that is based entirely on speculation and offers nothing close to the "reasonable certainty" courts require for expert opinion testimony. As explained in greater detail below, ███████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[1]   Dr. Buetow's calculations are based on performance from January 1, 2007 forward.

1

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Dr. Buetow provides *no basis* for this speculative approach ▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬ Dr. Buetow's theory also contradicts itself. ▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬

Dr. Buetow's damage analysis completely abandons the ▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬

Supreme Court and Fourth Circuit case law make it clear that when opinion

▬

evidence is not supported by relevant data, practice, or facts of the case but only by "the *ipse dixit* of the expert," that evidence will *not* assist the finder of fact and must be excluded. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Dr. Buetow's opinions suffer from those defects and more. Dr. Buetow had ample opportunity, including two reports and two depositions, to provide the bases for his damages method, but he failed. The law does not allow him another try.

## BACKGROUND

In support of their ERISA breach of fiduciary duty claims, Plaintiffs proffered Dr. Buetow's opinions on damages and the ERISA fiduciary duty standard as to investments. *See* Ex. 1, September 22, 2017 Expert Report of Dr. Gerald Buetow ("Original Report) ¶ 1; Ex. 2, October 26, 2017 Deposition Transcript ("Original Dep. Tr." at 127-28; Ex. 3, February 23, 2018 Rebuttal Deposition Transcript ("Rebuttal Dep. Tr.") at 242-43.

In his original report, Dr. Buetow opined that ███████████████ ███████████████████████████████████████████████ ███████████████████████████████████ *See* Ex. 1, Original Report ¶ 94. As Dr. Buetow described, ██████████████████████ ███████████████████████████████████████████████ ████████████████████████████ *See* Ex. 4, Dec. 6, 2017 Corrected Rebuttal Expert Report of Dr. Gerald Buetow ("Rebuttal Report") at ¶ 34. In contrast, ██████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████ *Id.* ¶¶ 34-35.


Dr. Buetow's rebuttal report introduced a new theory of ERISA fiduciary duty as to investment selection: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

*See* Ex. 4, Rebuttal Report ¶¶ 53-54; Ex. 8, Charts A & B.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 4, Rebuttal Report ¶ 53; Ex. 3, Rebuttal Dep. Tr. at 278, 283.

During his rebuttal deposition, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ex. 3, Rebuttal Dep. Tr. at 243, 255-58. He also testified ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.*

---

2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4

Under ERISA, fiduciary liability is to be determined based on an examination of the "circumstances then prevailing." 29 U.S.C. §1104(a)(1)(B). ███████



███████ *Id.* 255-258. ███████ ███████ ███████ *Id.* at 268, 325-26; *see also* Ex. 4, Rebuttal Report ¶¶ 53, 58.

## STANDARD OF REVIEW

Rule 702 of the Federal Rules of Civil Procedure provides that "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion" if the expert:

(a) "will help the trier of fact to understand the evidence or to determine a fact in issue";

(b) based the opinion on "sufficient facts or data";

(c) used "reliable principles and methods"; *and*

(d) "reliably applied the principles and methods to the facts of the case."

---

3 

5

Such expert testimony is "admissible only if it is both relevant and reliable." *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137, 141 (1999) (citing *Daubert v. Merrel Dow Pharm., Inc.*, 509 U.S. 579 (1993)).

"The law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire*, 526 U.S. at 142. "Even though Federal Rule of Evidence 702 'liberalize[d] the introduction of relevant expert evidence,' the district court must balance that freedom with the persuasiveness of potentially misleading expert evidence." *Pharmanetics, Inc. v. Aventis Pharm., Inc.*, 182 F.Appx. 267, 272 (4th Cir. 2006). "Any [expert] damages report must have reasonable certainty" in order to be admissible. *Id.* at 271 (affirming lower court conclusion that under the facts of the litigation, the plaintiff's "evidence was simply too speculative to be 'expert testimony'").

## ARGUMENT

**I.     Dr. Buetow's Damages Methodology and ERISA Fiduciary Duty Opinion are Speculative, Baseless, and Have Never Been Used or Tested.**

██████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████ *See* Ex. 3, Rebuttal Dep. Tr. at 257-58, 261, 277, 299, 319-20. *See also Tussey v. ABB*, 746 F.3d 327, 339 (8th Cir. 2014) (vacating and remanding damages calculation method for participant investment selection claims since the method used "shows clear signs of hindsight influence regarding the market for

6

target-date funds at the time of the redesign and the investment options' subsequent performance"); *Pension Ben. Guar. Corp. ex. rel. St. Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 721 (2d Cir. 2013) ("the facts alleged in the Amended Complaint fail to give rise to a reasonable inference that Morgan Stanley's investment decisions were *imprudent at the relevant times*") (emphasis added).

As described below, Dr. Buetow admits ████████████████████████ ████████████████, rendering his opinions speculative, unsupported, and, ultimately, unreliable:

*First*, Dr. Buetow admits ████████████████████████

████████████████████████████████████████████

████████████████████████ ████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████

████████████████████████████████████

7

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dr. Buetow must do more than aver conclusorily that his experience led to his opinion, and his failure to provide any concrete, identifiable examples of the conduct of other plan fiduciaries renders his opinion inadmissible. *See Lippe v. Bairnco Corp.*, 288 B.R. 678, 686 (S.D.N.Y. Jan. 28, 2003) (an "expert who relies solely on experience must explain how that experience leads to the conclusion reached, why that experience is sufficient basis for the opinion, and how that experience is reliably applied to the facts").

Generally accepted studies also refute Dr. Buetow's assumptions. Survey data over the years show that index funds held only a small portion of total defined contribution plan assets, and few plans offered multiple index funds. *See* Ex. 5, Investment Company Institute Report 2017 Fact Book at 162 (showing 10 percent of all defined contribution plan assets were in index funds from 2007 to 2009); Ex. 6, McKinsey Report "The DC Market, 2015" (passive assets in defined contribution plans represented 9 to 14 percent of total defined contribution plan assets from 2006 to 2009); Ex. 7, State Universities Retirement System of Illinois DC Plan Industry Overview, April 24, 2018 at 8 (only "9% of Plans offer a predominately passive core menu" in 2014). In contrast, under Dr. Buetow's mapping theory, approximately 79% of Plan assets would be in index funds as of January 1, 2007, with the other portion in other investments, namely the BIC, active target date funds, and fixed income funds. *See* Ex. 4, Rebuttal

8

Report, attachment at tab "Assets," column D. Accordingly, Dr. Buetow's theory collapses under the weight of the data reflecting accepted practices over time.[4]

*Second*, Dr. Buetow's methodology does not comply with ERISA. *See Tussey*, 746 F.3d at 338-39 (on remand, "the participants' mapping damages, if any, would be more accurately measured by comparing the difference between the performance of the [existing funds] and the minimum return of the subset of managed allocation funds the ABB fiduciaries could have chosen without breaching their fiduciary obligations.").

Dr. Buetow testified that he was attempting to improve on ERISA's standards by adjusting them: *See* Ex. 3, Rebuttal Dep. Tr. at 266. But Rule 702 and the cases do not allow him to opine on what he thinks are deficiencies in the statute, or on what is obtainable with the benefit of hindsight. *See Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 797 F.2d 370, 382 (7th Cir. 1986) ("while estimates and speculation are sometimes necessary in lost profits cases, extrapolations that are so removed from economic reality are not an appropriate opinion on which to determine damages"); *Syngenta Crop Prot., LLC v. Willowood Azoxystrobin, LLC*, 267 F. Supp. 3d 649, 660

---

[4] The surveys also refute Dr. Buetow's original theory that "prudent plan design" would involve an active and passive alternative for each asset class. *See* Ex. 1, Original Report ¶ 94.

9

(M.D.N.C. July 20, 2017) (excluding opinion because "the lack of a better comparison does not justify the use of a poor benchmark").

Because Dr. Buetow's damages theory—unsupported by ERISA's requirements—does not come close to the "reasonable certainty" that "any damages report must have," his opinion should be excluded. *See Aventis*, 182 F. App'x. at 271(plaintiff's damages theory that relied on faulty sales calculations "was simply too speculative to be 'expert testimony'"); *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15-cv-274, 2017 WL 1133378, at *4 (M.D.N.C. Mar. 24, 2017) (granting summary judgment for plaintiff on issue of patent validity where "[b]ecause of the hindsight embedded in [expert's] analysis and the lack of reasons for combining the relevant prior art, [defendant's] expert opinion is not the product of a reliable method and will not help the jury determine [validity factor]."); *Polyzen, Inc. v. Radiadyne, LLC*, No. 5:11-cv-662, 2016 WL 5360576, at *12 (E.D.N.C. Sept. 23, 2016) (excluding expert opinion regarding trade-secret misappropriation claim since "calculations are based on [an] assumption[] … unconnected to … the existing evidence"); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-cv-275, 2011 WL 6748518. at *7 (E.D.N.C. Dec. 22, 2011) (granting motion to exclude expert report, which, among other deficiencies, "reveals a series of ad hoc decisions based on subjective considerations, rather than identifiable (or principled) criteria").

10

## II. Dr. Buetow's Damages Theory Contradicts the Facts of This Case and His Own Standards, and Is Therefore Neither Reliable Nor Relevant.

Courts in the Fourth Circuit and elsewhere exclude an expert opinion "that is based on an assumption which finds no support in the record" and is not "causally related to the alleged harm." *See, e.g., Tyger Const. Co. Inc. v. Pensacola Const. Co.*, 29 F.3d 137, 142, 144 (4th Cir. 1994) (vacating jury award based on district court's abuse of discretion in not excluding expert opinion based on a "faulty assumption that [was] unsupported by the evidence"); *Amorgianos v. Nat'l RR Passenger Corp.*, 303 F.3d 256, 267-69 (2d Cir. 2002) (upholding exclusion of expert because of "failure to apply his stated methodology 'reliably to the facts of the case'").

Dr. Buetow's opinion is similarly divorced from the record. ▌

▌ But his damages theory makes no effort to replicate this "prudent" mapping example and instead proposes the substitution of funds that are substantially different from each other.

An examination of Dr. Buetow's proposed replacements reveal these differences.

11

█████████████████████████ Yet, Dr. Buetow's theory makes no attempt to match the characteristics of the existing funds with his proposed alternatives.  *See* Ex. 8, Charts A & B. ████████████████████████████████

████████████████████████████████████████
████████████████████████████

     ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████

---

5 ████████████████████████████████████████
████████████████████

████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████

████████████████████████████

█

As Exhibit A shows and as discussed below, ██████████████████

████████████████████████████████████████████████████

████████████████████████████████████ ███ █████

████████████████████████████████████████████████████

██████

Dr. Buetow admitted the deficiencies of ████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████

██████

A.  Mutual Funds

████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---
[6] ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████

13



Accordingly, Dr. Buetow's deficient, unreliable damages computation should be excluded.

B.  BB&T Common Stock Fund

Besides addressing a liability theory that is not raised in the operative Complaint, Dr. Buetow's damages calculation as to the Stock Fund suffers from the same

14



C.  <u>BIC</u>

██████████████████████████████████████

████████████████████████████

\* \* \*

WHEREFORE, BB&T Defendants respectfully request that the Court exclude the opinions of Dr. Gerald Buetow as to ERISA fiduciary duties related to the BB&T 401(k) Savings Plan's investments and damages.

This the 6th of April, 2018.

Respectfully submitted,

*/s/ Mark Bieter*
Michael J. Prame*
Mark L. Bieter*
Justin M. Holmes*
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., NW
Washington, DC 20006
Phone: (202) 861-9383
Fax: (202) 659-4503

Ronald R. Davis
NC State Bar No. 20408
Brent F. Powell
NC State Bar No. 41938
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: ron.davis@wbd-us.com
　　　　brent.powell@wbd-us.com

*Attorneys for BB&T Defendants*
*\*Appearing by special appearance*

**CERTIFICATE OF COMPLIANCE WITH WORD COUNT**

I hereby certify, in reliance on the word-count feature in Microsoft Word, that this brief contains 4,165 words, including headings, footnotes and citations.

*/s/ Mark L. Bieter*
Mark Bieter

# CERTIFICATE OF SERVICE

This is to certify that, on April 6, 2018, a copy of the foregoing ***MEMORANDUM IN SUPPORT OF BB&T DEFENDANTS' MOTION TO EXCLUDE THE OPINION OF DR. GERALD BUETOW AS TO ERISA FIDUCIARY DUTY AND DAMAGES*** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send notification of filing to the following:

| | |
|---|---|
| Kai H. Richter* | Heather Lea* |
| krichter@nka.com | hlea@uselaws.com |
| | |
| Carl F. Engstrom* | Sean E. Soyars* |
| cengstrom@nka.com | ssoyars@uselaws.com |
| | |
| Jerome J. Schlichter* | David B. Puryear, Jr. |
| jschlichter@uselaws.com | puryear@puryearandlingle.com |
| | |
| Michael A. Wolff* | |
| mwolff@uselaws.com | |
| | |
| Troy A. Doles* | |
| tdoles@uselaws.com | |

*Attorneys for Plaintiffs*

*\*Appearing by special appearance*

       */s/ Mark Bieter*
       Mark Bieter