IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT SIMS, et al.,

    Plaintiffs,

                       v.                      1:15-CV-732

BB&T CORPORATION, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

    In this ERISA action, the plaintiffs have sued the defendants alleging that they breached their fiduciary duties and committed prohibited transactions in administering the BB&T Corporation 401(k) Savings Plan. The parties have filed a consolidated motion to seal in which the defendants seek to fully or partially seal eleven documents and the plaintiffs seek to fully seal one document, all of which were filed in connection with the defendants' summary judgment motion. The Court will grant the motion to the extent it seeks to seal documents for which a party has established a compelling interest that outweighs the public's right to access; otherwise the motion is denied.

**I.    LEGAL STANDARD**

    "The courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

589, 597 (1978).¹  This right of public access to judicial records derives from the First Amendment and the common law.  *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).  When a party asks to seal judicial records, the court "must determine the source of the right of access with respect to each document," and then "weigh the competing interests at stake."  *Id.* at 576.  The Court must also (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing;" and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives.  *Id.*; *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253–54 (4th Cir. 1988).

The First Amendment guarantee of access extends only to particular judicial records.  *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).  Judicial records are "documents filed with the court . . . [that] play a role in the adjudicative process, or adjudicate substantive rights."  *In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (collecting cases).  Because the public has a right to attend trials and oversee the courts, the First Amendment protects the public's right to access "the evidence and records filed in connection with summary judgment proceedings."  *E.g.*, *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014).

Whether derived from the common law or the First Amendment, the public's right of access "may be abrogated only in unusual circumstances."  *Stone,* 855 F.2d at 182.

---

¹ The Court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted.  *See United States v. Marshall*, 872 F.3d 213, 217 n. 6 (4th Cir. 2017).

2

The First Amendment right of access to judicial records "yields only in the existence of a compelling governmental interest . . . that is narrowly tailored to serve that interest." *In re Application*, 707 F.3d at 290; *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) ("In class actions—where by definition some members of the public are also parties to the case—the standards for denying public access to the record should be applied with particular strictness.") (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). The party seeking to limit public access bears the burden to show that sealing is appropriate. *Rushford*, 846 F.2d at 253; *see Pub. Citizen*, 749 F.3d at 272.

The party seeking to seal must provide specific reasons to support its position. *Va. Dep't of State Police,* 386 F.3d at 575; *Press–Enter. Co. v. Superior Court of Cal.,* 478 U.S. 1, 15 (1986) (holding that "the First Amendment right of access cannot be overcome by a conclusory assertion"). Claims of confidentiality for court filings cannot be made indiscriminately and without evidentiary support. *Bayer CropSci. Inc. v. Syngenta Crop Prot., LLC*, No. 13CV316, 2013 WL 12137000, at *1 (M.D.N.C. Dec. 12, 2013); *accord GoDaddy.com, LLC v. RPost Commc'ns Ltd*, No. CV1400126, 2016 WL 1158851, at *2 (D. Ariz. Mar. 24, 2016) ("Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning [are] not enough to overcome the strong presumption in favor of public access.").

## II. ANALYSIS

The Court has complied with the notice requirements set forth in *Stone* and *Rushford*. The parties filed this motion to seal in April 2018. Doc. 336. The plaintiff

objects in whole or part to the sealing of nine documents that the defendants seek to seal. *See, e.g.*, Doc. 368 (chart listing objections to Docs. 324, 325, 331-1, 331-2, 331-3, 331-5, 331-6, 334, and 335). No other person or entity has objected to the motion. *See Mears v. Atl. Se. Airlines, Inc.*, No. 5:12CV613F, 2014 WL 5018907, at *2 (E.D.N.C. Oct. 7, 2014) ("The filing of a litigant's motion to seal . . . is sufficient to provide public notice and opportunity to challenge the request to seal.").

The Court finds that the First Amendment right of access applies to the documents because they were filed in connection with the summary judgment motion. *See Pub. Citizen*, 749 F.3d at 267 (explaining that the First Amendment protects public access to "the evidence and records filed in connection with summary judgment proceedings").

### A. Documents with Confidential Business Information

The defendants seek to seal documents on the basis that they contain confidential business information. "Business information that might harm a litigant's competitive standing" may be a sufficient interest to overcome the First Amendment right of access. *Nixon*, 435 U.S. at 598 (holding that "the common-law right of inspection has bowed before the power of a court to insure that its records" do not serve "as sources of business information that might harm a litigant's competitive standing"); *see also Pub. Citizen*, 749 F.3d at 269 (indicating in dicta that a company's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records.").

In order to determine whether the motions to seal should be granted based on claims of confidential business information, the Court evaluates: whether the party has

shown that the information sought to be sealed is confidential; whether disclosure would harm the party's competitive standing or otherwise harm its business interests; whether the motion is narrowly tailored; and whether the interests in non-disclosure are compelling and heavily outweigh the public's interest in access to the information. In weighing the competing interests, the Court considers, among other things, whether access to the evidence is needed to understand the Court's decision on summary judgment and the degree of harm that disclosure would be likely to cause.

### 1. RIS Customer Spreadsheet (Doc. 374)[2]

The defendants move to seal a spreadsheet that lists institutional customers of BB&T's Retirement and Institutional Services (e.g., 401k plans) as well as information on the mutual funds available through those plans and on whether fees that those mutual funds provide to RIS are rebated to the institutional customer. Doc. 346 at 10–11. The plaintiffs have objected to the full sealing of this document and have proposed limiting the sealing to the specific customer names. Doc. 346 at 11.

The defendants support their motion with the affidavit of Steven Reeder, a Senior Vice President and Benefits Manager at BB&T Corporation, which states that the spreadsheet contains "highly sensitive customer information that BB&T does not routinely disclose" and that "disclosure of this information could hamper BB&T's competitive standing in the marketplace." Doc. 336-1 at ¶¶ 2, 5. While Mr. Reeder's

---

[2] On June 27, 2018, the plaintiffs filed this spreadsheet under seal at Doc. 374 as a substitute exhibit for the spreadsheet that was originally filed under seal at Document 331-2. *See also* Doc 328-67 (reflecting on the public record that this exhibit was filed under seal). The Court understands the defendants' motion as seeking to seal Document 374, the substitute exhibit.

affidavit does not explain why the information is sensitive or discuss how disclosure could hamper BB&T's competitive standing, counsel asserts in the briefing that BB&T's competitors could use this information to target customers and undercut BB&T. Doc. 346 at 10. To some extent the face of the document itself supports the inferences counsel draws in the brief. This is sufficient to establish a compelling interest in sealing the customer names. However, BB&T has not pointed to any non-conclusory evidence tending to support its assertion that disclosure of the other information on the spreadsheet would cause it harm, especially if the customer names are sealed.

The plaintiffs relied on this spreadsheet to support their assertion that the BB&T 401k plan is treated differently than other 401k plans because the BB&T Plan does not receive rebates from RIS and as a result pays more in fees than similarly situated plans. *See* Doc. 346 at 11. This evidence was integral to the Court's decision to deny summary judgment on Counts I, VI, and VII. *See* Doc. 369 at 13–15, 25. Because this information was a primary consideration in the Court's decision on summary judgment the public has a strong interest in access to the spreadsheet.

After weighing the interests of the defendants and the public, the Court will limit the sealing of the spreadsheet to the customer information provided in the first three columns on the left (i.e., PLANKEY, PlanNam, and Omni Plan ID). The customer names provided in the spreadsheet are not necessary for the public's understanding of the issues decided on summary judgment and may not even be relevant. Sealing this information will protect BB&T's compelling business interests by limiting a competitor's ability to target BB&T's customers. As BB&T has not submitted evidence to support its

6

contention that it would be harmed by disclosure of other information on the form so long as the customer names are not disclosed, and as that information is necessary to facilitate public understanding, the Court will not seal the entire document.

### 2. The Deposition of Ronald Deal (Doc. 331-3)

The defendants move to seal portions of Mr. Deal's deposition testimony. Doc. 346 at 6–7. In his deposition testimony, Mr. Deal goes over the RIS spreadsheet, Doc. 374, just discussed, as to which the Court has found that the sealing of customer names is appropriate. The defendants seek to redact the publicly available deposition so as to seal Mr. Deal's discussion of: (1) another company's 401k plan for which BB&T Retirement and Institutional Services does the recordkeeping, (2) the specific BB&T affiliated funds that the other company plan invests in, and (3) rebates that RIS provides to the other company plan based on fees it receives from BB&T affiliated funds.

In support, the defendants provide the affidavit of Mr. Reeder, in which he affirms that the proposed redactions contain "highly sensitive customer information that BB&T does not routinely disclose." Doc. 336-1 at ¶ 6. Mr. Reeder's affidavit does not explain why the information is sensitive or discuss the harm that could occur from disclosure, but the harm from disclosure of this testimony is the same as the harm from disclosure of the RIS spreadsheet. *See supra* Section II.A.1. As with the spreadsheet, the defendants have not provided a compelling reason for sealing the portions of Mr. Deal's deposition about this other plan, except for the plan's identity.

The public has a strong interest in having access to Mr. Deal's testimony dealing with different treatment of plans. The plaintiffs relied on this testimony, *see* Doc. 346 at

7, and this evidence was integral to the Court's decision to deny summary judgment on Counts I, VI, and VII because it provided support for the plaintiffs' allegations that the BB&T 401k plan is treated differently than other 401k plans and as a result pays more in fees than other similarly situated plans. *See* Doc. 369 at 13–15, 25.

After weighing the interests of the defendants and the public, the Court will limit the sealing of Mr. Deal's deposition testimony to the name of the 401k plan customer that is discussed. The customer name is not necessary for the public's understanding of the issues decided on summary judgment and sealing this information will protect BB&T's compelling business interests by limiting a competitor's ability to target this customer and undercut BB&T's business.

      **3.**    **Compensation Committee Minutes (Docs. 323, 324, 325, 331-1, 331-6, 334, 335 and 356[3])**

The defendants seek to seal six exhibits that contain Compensation Committee meeting minutes from 2007 through 2015 as well as the part of their opening summary judgment brief discussing the Committee's consideration and adoption of a collective investment trust investment option in 2014.[4] Doc. 346 at 12–13. The defendants have filed a redacted version of their opening summary judgment brief on the public docket.

---

[3] On May 7, 2018, the plaintiffs filed under seal a substitute expanded set of minutes in place of the originally-filed and more limited set of minutes at Document 331-6. *See* Doc. 371 (Order discussing substitution). The Court allowed the parties to file supplemental briefing to address the substitute document, *see id.* at 4; no party took advantage of this opportunity. The Court will treat the defendants' motion as seeking to seal both the original exhibit at Document 331-6 and the substitute exhibit at Document 356.

[4] The parties already have redacted these exhibits to redact confidential information that they agree is not relevant to the case. The defendants seek to seal all remaining information in the exhibits.

Doc. 322.  The plaintiffs oppose the sealing of five of these six exhibits (Docs. 324, 325, 334, 335 and 331-1) and oppose the partial sealing of the defendants' opening summary judgement brief.  The plaintiffs also oppose the partial sealing of the remaining exhibit and instead suggest that the sealing be limited to those portions of the minutes that the plaintiffs did not rely on in their opposition to summary judgment.  Doc. 346 at 13–16.

The defendants support their motion with the affidavit of Mr. Reeder, which states that the "minutes reflect the internal discussions and deliberations of the Compensation Committee" and that "BB&T does not publicly disclose [them] . . . and views these internal discussions as competitively sensitive information."  Doc. 336-1 at ¶ 4.  The defendants have not offered any evidence explaining what information in the minutes is competitively sensitive or evidence of the type of harm that would occur from disclosure.

The defendants also support their motion by citation to cases where courts have sealed board minutes.  References to cases in which similar evidence has been evaluated in connection with a motion to seal are helpful, but citations to cases are not a substitute for evidence.  That a court in a different case sealed board meeting minutes does not establish as a factual matter that a particular document in this case contains confidential business information.  Whether a document should be sealed is case-specific and depends on the information that is to be sealed, the specific harm that would come from disclosure of that information, and the public's interest in that information as it relates to the issues in dispute.  *See supra* Section I (discussing legal standards for sealing).

The defendants have not directed the Court to any case that sealed board minutes under the specific circumstances that are present here, and the cited cases generally arose

in different contexts. For example, in *Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781, 2014 WL 12597948 (D. Minn., Oct. 14, 2014), Doc. 346 at 12, the court sealed the minutes of a 401k fiduciary board similar to the minutes at issue here. Unlike here, however, the court in *Krueger* determined that the board minutes were not judicial records and no public right of access attached. *Krueger*, 2014 WL 12597948, at *19.

Both parties relied on Compensation Committee minutes in their summary judgment briefing to support their positions that the Compensation Committee's process for selecting and maintaining investment options and evaluating fees was prudent or imprudent. The Court explicitly considered and relied on these minutes in denying summary judgment on Counts I, II and III. *See, e.g.,* Doc. 371 at 2–3 (explaining how the Court considered portions of the Committee minutes); Doc. 368 (chart listing citations to documents subject to consolidated motion to seal); Doc. 369 at 14 n. 13, 17 (summary judgment order). These minutes provide evidence of the Committee's process in administering the Plan and support the plaintiffs' position that there is a genuine issue of material fact regarding whether that process was prudent. For this reason, the public has a strong interest in access to the minutes and the briefing that discusses them.

The defendants have not demonstrated a compelling interest in maintaining the documents under seal. Mr. Reeder's conclusory statement that the minutes contain "internal deliberations" and are "competitively sensitive" is insufficient to overcome the public interest here, which is of constitutional dimension. The minutes are generic in nature, noting the topic discussed and the outcome but not detailing the internal discussion that led to the Committee's decision. Further, the minutes span a decade and

there is no basis for concluding that disclosure of old minutes will harm BB&T's competitive interests now. The Court will deny the defendants' motion to seal the Compensation Committee minutes.

B. **Documents With Information Not Relied On By The Parties (Docs. 331, 331-4, 331-5)**

The defendants seek to seal portions of three exhibits that the plaintiffs filed:

- Jeffrey Schappe's deposition testimony that discusses his personal investment allocations, Doc. 331;

- an internal BB&T memorandum that discusses potential changes to BB&T's retirement benefits that were considered but not implemented, Doc. 331-4; and

- a draft memorandum of understanding between BB&T affiliate Sterling Capital Management and BB&T Retirement and Institutional Services that discusses specific non-401k-plan customers. Doc. 331-5.

The Local Rules only allow documents to be filed when a party relies on those documents to support or oppose a motion. L.R. 7.3(e) and (f). The Local Rules also require a citation to evidence to accompany all factual assertions in the briefs. L.R. 7.2(a)(2); *see also* Doc. 6 at ¶ 1. Read together, the Local Rules make it clear that there is no reason to file materials not cited in the briefs.

In connection with summary judgment, no party relied on the parts of Documents 331, 331-4, and 331-5 that the defendants seek to seal. *See* Doc. 346 at 6, 8–9. Because the plaintiffs filed on the public docket versions of these documents that include all

portions on which the parties relied, *see* Doc. 328-39; Doc. 328-73; Doc. 328-80, the sealed versions were filed for no reason and in violation of the Local Rules. The Court will strike from them from the record, making the motion to seal these exhibits moot.

The plaintiffs contend that the redacted portions of the draft memorandum of understanding between Sterling and RIS "bear on" "BB&T's provision of better deals to outside investors than to the [BB&T 401k] Plan" and that they cited the exhibit in their summary judgment briefing for this proposition. Doc. 346 at 9. The record does not support the plaintiffs' position.

The plaintiffs' summary judgment briefing cited the draft memorandum of understanding three times and only provided a pin cite in one instance. Doc. 327 at 17, 18, and 35 (citing to TAD Decl. paragraph 70, which references Exhibit RRR—the draft memorandum of understanding). The pin cite provided did not reference the parts of the exhibit that the defendants seek to seal and the plaintiffs' brief did not discuss these portions either. *Id.* (including no discussion of the specific customer information that the defendants seek to seal). The Local Rules require pin cites, as does this Court's standard order. L.R. 7.2(a)(2); *see also* Doc. 6 at ¶ 1. The Court has no duty to and does not scour the record to locate uncited evidentiary support for a party's factual assertions. *See Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001); *Cray Commc'ns, Inc. v. Novatel Comput. Sys., Inc.,* 33 F.3d 390, 395–96 (4th Cir. 1994). Moreover, even if the Court had reviewed the portions of memorandum of understanding that the defendants seek to seal, it is not obvious how they relate to the plaintiffs' claims.

Filing exhibits for no reason clutters the court docket. Moreover, when the

exhibits are subject to a protective order and necessitate a motion to seal, filing exhibits for no reason wastes the time of other parties and the Court. If this happens in connection with future motions, the offending party is likely to face a financial sanction.

### C. Individual Class Member's Financial Information (Doc. 326)

The plaintiffs move to seal a quarterly 401k account statement of one of the class members. Doc. 346 at 17–18. The defendants do not oppose the motion.

"Personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public." *In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003). It is readily apparent that the disclosure of this information could be used for an improper purpose and/or cause harm to the individual plaintiff, for instance by making an individual vulnerable to identity theft or financial crimes.

The defendants cited and relied on this individual account statement to support their assertion that class members were "informed [] of each investment option's performance over time" such that they had actual knowledge of the claims more than three years before the suit was filed. Doc. 322 at 21. The Court considered this information—which shows up on the statement in the form of a number reflecting the percentage of the return on investment—in denying summary judgment on the defendants' three-year statute of limitation defense and it is necessary for the public's understanding of that decision. Doc. 369 at 8–9.

The Court has weighed the interests and finds that the class member's name and the dollar figures (e.g., balances, contributions, withdrawals, earnings, and vested amount) can be sealed, but not the full document. The plaintiffs do not contest that the

13

account statement is from a class member and neither party contends that the class member's name and the dollar figures are necessary for the public understanding of the Court's summary judgment decision. Sealing the class member's name and dollar figures will protect the individual's privacy rights. The names of the funds and the return percentage, however, should not be redacted, as those are necessary for public understanding of the Court's ruling and as the harm of disclosure is minimal without the class member's name.

Because the consolidated brief and supporting affidavit state the individual class member's name, the Court will direct the Clerk to seal the brief and will direct the plaintiffs to file a version of the brief and affidavit that redacts the individual's name and substitutes a pseudonym or other marker.

It is **ORDERED** that:

1. The Clerk **SHALL** strike Docs. 331, 331-4, and 331-5.

2. The consolidated motion to seal, Doc. 336, is granted in part and denied in part as follows:

   a. The motion is **DENIED** as moot to the extent it seek to seal Docs. 331, 331-4, and 331-5.

   b. The motion is **DENIED** in part and **GRANTED** in part to the extent it seeks to seal in whole Docs. 326, 331-3 and 374.

      i. The defendants **SHALL** file a version of Doc. 331-3 on the public docket that redacts only the 401k plan customer name consistent with this Order.

    ii. The defendants **SHALL** file a version of Doc. 374 on the public docket that redacts only the customer information in the first three columns on the left.

    iii. The plaintiffs **SHALL** file versions of Docs. 326, 336-2, and 346 on the public docket that redacts the individual class member's name and dollar figures.

    iv. The documents at Doc. 331-3, 374, 326, 336-2, and 346 shall remain under seal.

  c. The motion is **DENIED** to the extent it seeks to seal in whole Doc. 324, 325, 331-1, 331-6, 334, 335 and 356.

  d. The motion is **DENIED** to the extent it seeks to seal in part Doc. 323.

  e. The Clerk **SHALL** seal Docs. 336-2 and 346.

  f. No earlier than July 24, 2018, the Clerk **SHALL** unseal Docs. 323, 324, 325, 331-1, 331-6, 334, 335 and 356.

3. Docs. 326, 336-2, and 346 shall remain sealed for fifty years. All remaining sealed documents may be unsealed after ten years, at which time any harm from disclosure will have passed.

This the 18th day of July, 2018.

                                              UNITED STATES DISTRICT JUDGE