# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT SIMS, *et al.*,

*Plaintiffs*,

vs.

BB&T CORPORATION, *et al.*,

*Defendants*.

No. 1:15-cv-732-CCE-JEP

### NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**Your legal rights might be affected if you are a member of the following class:**

All persons who participated in the BB&T Corporation 401(k) Savings Plan ("Plan") at any time during the Class Period, including any beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or, Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.

The Class Period is defined as September 4, 2009 through October 25, 2018. For purposes of this Notice, if not defined herein, capitalized terms have the Definitions in the Settlement Agreement, which is incorporated herein by reference.

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Plan against BB&T Corporation, BB&T Corporation Employee Benefits Plan Committee, BB&T Corporation Board of Directors, Compensation Committee of the Board of Directors of BB&T Corporation, John A. Allison, IV, Jennifer S. Banner, K. David Boyer, Jr., Anna R. Cablik, Nelle R. Chilton, Ronald E. Deal, Tom D. Efird, James A. Faulkner, Barry J. Fitzpatrick, J. Littleton Glover, Jr., L. Vincent Hackley, Jane P. Helm, I. Patricia Henry, John P. Howe, III, Eric C. Kendrick, Kelly S. King, Valeria Lynch Lee, Louis B. Lynn, James H. Maynard, Albert O. McCauley, Edward C. Milligan, J. Holmes Morrison, Charles A. Patton, Nido R. Qubein, William J. Reuter, Tollie W. Rich, Jr., E. Rhone Sasser, Christine Sears, Thomas E. Skains, Thomas N. Thompson, Edwin H. Welch, Stephen T. Williams, Steven L. Reeder, Branch Banking and Trust Company, Sterling Capital Management LLC, Paul Barnes, Ken Fitchett, Sharon Jeffries-Jones, Keith Kiser, John Sapp, Becky Sink, Henry Skinner, Derek Surette, alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement will provide for the allocation of monies directly into the individual accounts of the Settlement Class who had Plan accounts during the Class Period (an "Active Account") with a balance greater than $0 as of October 25, 2018 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had Active Accounts as of October 25, 2018 ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated November 30, 2018. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at www.bbt401ksettlement.com. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any possible amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on XXXXXX, 2019, at

1

Exhibit 2

Case 1:15-cv-00732-CCE-JEP   Document 439-2   Filed 12/13/18   Page 1 of 7

XXXXX a.m./p.m., before U.S. District Court Judge Catherine Eagles in Courtroom XXXXX, L. Richard Preyer Federal Building, 324 West Market Street, Suite 1, Greensboro, NC 27401.

- Any objections to the Settlement, to the petition for Attorneys' Fees and Costs or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendant's Counsel, as identified on page 5 of this Settlement Notice.

- Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at www.bbt401ksettlement.com.

> **Our records indicate that you are a Former Participant. If you believe that you meet the definition of a Current Participant, please contact the Settlement Administrator. Former Participants are individuals who no longer had an account balance in the BB&T Plan as of October 25, 2018.**

| | YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A FORMER PARTICIPANT. YOU MUST RETURN THE ENCLOSED FORMER PARTICIPANT CLAIM FORM BY XXX TO PARTICIPATE IN THE SETTLEMENT** | <u>Our records indicate that you are a Former Participant</u>. You must return a Former Participant Claim Form that is postmarked by XXXXXX to receive your share of the Net Settlement Amount. If you do not return the Former Participant Claim Form that is postmarked by XXXXXXX, you will forfeit your share of the Net Settlement Amount. A claim form is enclosed with this notice but may also be obtained by accessing www.bbt401ksettlement.com. |
| **YOU CAN OBJECT (NO LATER THAN XXXXX, 2019)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON XXXX** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel of your intention to appear at the hearing by XXXXX, 2019. |

**The Class Action**

The case is called *Sims, et al. v. BB&T Corporation et al.,* Case No. 1:15-cv-732 (the "Class Action"). The Court supervising the case is the United States District Court for the Middle District of North Carolina. The individuals who brought this suit are called Class Representatives, and the individuals and entities they sued are called the BB&T Defendants. The Class Representatives are current and former participants in the Plan. The Class Representatives' claims are described below, and additional information about them is available at www.bbt401ksettlement.com.

**The Settlement**

The Settlement was reached on November 30, 2018. Class Counsel filed this action on September 4, 2015. Since the filing of this action and for a period of almost three years, the parties engaged in substantial litigation. The Parties participated in mediation before a nationally recognized mediator who has extensive experience in resolving similar claims involving other 401(k) plans. The parties also engage in substantial settlement discussions without a mediator. Only after months of extensive arm's length negotiation following the mediation were the parties able to agree to the terms of the Settlement.

As part of the Settlement, a Qualified Settlement Fund or Gross Settlement Amount of $24,000,000 will be established to resolve the Class Action. The Net Settlement Amount is $24,000,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

In addition to the monetary component of the Settlement, the Parties to the Settlement have agreed to certain additional terms: 1) the Plan fiduciaries will engage a consulting firm to conduct a Request for Proposal for investment consulting firms that are unaffiliated with BB&T and engage an Investment Consultant to independent consulting services to the Plan; 2) the Investment Consultant will evaluate the Plan's investment options and provide the Plan fiduciaries an evaluation of the options in the Plan; 3) within two years after the entering of the Final Order, Plan fiduciaries will participate in a training session regarding ERISA's fiduciary duties; 4) during the two year period following entry of the Final Order, BB&T will rebate to the Plan participants any 12b-1 fees, sub-ta fees, or other monetary compensation that any mutual fund company pays or extends to the Plan's recordkeeper based on the Plan's investments; and 5) if during a two-year time period following the entry of the Final Order BB&T decides to charge Plan participants a periodic fee for recordkeeping services, the Plan fiduciaries will conduct a request for proposal for the provision of recordkeeping and administrative services.

**Statement Of Attorneys' Fees and Costs Sought in the Class Action**

Since mid-2015, Class Counsel have devoted many hours investigating potential claims and bringing this case. Class Counsel reviewed thousands of pages of documents produced in this case prior to filing of this action and thousands of publicly filed documents with the Department of Labor to support their claims. Class Counsel took the risk of litigation and has not been paid for any of their time or for any of their costs incurred in bringing this action. Class Counsel has agreed: (1) to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved; (2) monitor for two years compliance with the Settlement Agreement; (3) bring an enforcement action in court, if necessary, to insure compliance with the Settlement Agreement; and (4) do each of these without pay.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $8,000,000, in addition to no more than $1,100,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund.

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $20,000 each for the Class Representatives who took on the risk of litigation, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel and giving overall support to the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, www.bbt401ksettlement.com.

| 1. | Why Did I Receive This Settlement Notice? |
|---|---|

The Court caused this Settlement Notice to be sent to you because the Plan's records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

| 2. | What Is The Class Action About? |
|---|---|

In the Class Action, Class Representatives claim that, during the Class Period, the BB&T Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. 1001 et seq. with respect their management, operation and administration of the BB&T Corporation 401(k) Savings Plan.

BB&T Defendants have denied and continue to deny the allegations, claims and contentions of the Class Representatives, deny that they are liable at all to the Class, and deny that the Class or the Plan have suffered any harm or damage for which BB&T Defendants could or should be held responsible, as the BB&T Defendants deny all allegations of wrongdoing and deny that the Plan suffered harm or damage from those claims.

| 3. | Why Is There A Settlement? |

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and the BB&T Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defense Counsel during an all-day session with a private mediator, and several months of additional arm's length negotiations. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are highly experienced in this kind of matter, believe that the Settlement is best for all Class Members.

| 4. | What Does The Settlement Provide? |

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing Plan accounts. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

In addition to the monetary component of the Settlement, as discussed above, the 1) the Plan fiduciaries will engage a consulting firm to conduct a Request for Proposal for investment consulting firms that are unaffiliated with BB&T and engage an Investment Consultant to independent consulting services to the Plan; 2) the Investment Consultant will evaluate the Plan's investment options and provide the Plan fiduciaries an evaluation of the options in the Plan; 3) within two years after the entering of the Final Order, Plan fiduciaries will participate in a training session regarding ERISA's fiduciary duties; 4) during the two year period following entry of the Final Order. BB&T will rebate to the Plan participants any 12b-1 fees, sub-ta fees, or other monetary compensation that any mutual fund company pays or extends to the Plan's recordkeeper based on the Plan's investments; and 5) if during a two-year time period following the entry of the Final Order, BB&T were to decide to charge Plan participants a periodic fee for recordkeeping services, the Plan fiduciaries will conduct a request for proposal for the provision of recordkeeping and administrative services.

All Class Members and anyone claiming through them will fully release the Plan as well as BB&T Defendants and its "Released Parties" from "Released Claims."  The Released Parties include (a) BB&T Corporation, Branch Banking and Trust Company, Sterling Capital Management LLC, BB&T Corporation Employee Benefits Plan Committee, BB&T Corporation Board of Directors, Compensation Committee of the Board of Directors of BB&T Corporation, Cardinal Investment Advisors, LLC, , John A. Allison, IV, Jennifer S. Banner, K. David Boyer, Jr., Anna R. Cablik, Nelle R. Chilton, Ronald E. Deal, Tom D. Efird, James A. Faulkner, Barry J. Fitzpatrick, J. Littleton Glover, Jr., L. Vincent Hackley, Jane P. Helm, I. Patricia Henry, John P. Howe, III, Eric C. Kendrick, Kelly S. King, Valeria Lynch Lee, Louis B. Lynn, James H. Maynard, Albert O. McCauley, Edward C. Milligan, J. Holmes Morrison, Charles A. Patton, Nido R. Qubein, William J. Reuter, Tollie W. Rich, Jr., E. Rhone Sasser, Christine Sears, Thomas E. Skains, Thomas N. Thompson, Edwin H. Welch, Stephen T. Williams, Steven L. Reeder, Paul Barnes, Ken Fitchett, Sharon Jeffries-Jones, Keith Kiser, John Sapp, Becky Sink, Henry Skinner, Derek Surette; (b) their insurers, co-insurers, and reinsurers, (c) their past, present, and future parent corporation(s), (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; and (e) with respect to (a) through (d) above their past, present and future members of their respective boards of directors, managers, partners, agents, members, shareholders (in their capacity as such), officers, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them.

The Released Claims include claims that were asserted in the Class Action or that relate to any of the allegations, facts or occurrences asserted in the lawsuit or would be barred by the principles of res judicata or collateral estoppel had the claims asserted been fully litigated and resulted in final judgment; and all claims relating to the implementation of the Settlement.

This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at www.bbt401ksettlement.com. Generally, the release

means that Class Members will not have the right to sue the BB&T Defendants, the Plan, or the Released Parties for conduct during the Class Period arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at www.bbt401ksettlement.com.

## 5. How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon the Plan records, or, if on October 25, 2018, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Plan of Allocation will allocate the Net Settlement Fund among Current and Authorized Former Participants as follows:

1. The quarterly balances for the Class Period of Current and Authorized Former Participants invested in Proprietary Funds will be identified for each quarter;

2. All quarterly balances identified in step 1 will be summed together for each Participant;

3. An average quarterly balance for each Current Participant and each Authorized Former Participant will be calculated for the Class Period;

4. For each Current Participant and each Authorized Former Participant, the average quarterly balance of step 3 will be divided by the average quarterly balance for the Class Period of all Current and Authorized Former Participants;

5. Each Current Participant and each Authorized Former Participant will receive the fraction of the total Net Settlement Amount which is calculated in step 4.]

No amount shall be distributed to a Class Member that is five dollars ($5.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at www.bbt401ksettlement.com.

There are approximately 60,000 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, you will receive a check if and to the extent you are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under the Settlement Agreement in accordance with the plan of allocation as if you are a Current Participant or Authorized Former Participant.

## 6. How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to our records, you are a Former Participant. Therefore, you need to return your claim form to receive your share of the Settlement.**

## 7. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur during the first half of 2019.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

5

Exhibit 2

Case 1:15-cv-00732-CCE-JEP   Document 439-2   Filed 12/13/18   Page 5 of 7

| 8. | Can I Get Out Of The Settlement? |
|---|---|

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

| 9. | Do I Have A Lawyer In The Case? |
|---|---|

The Court has appointed the law firm Schlichter, Bogard & Denton, in St. Louis, Missouri, as Lead Class Counsel and Nichols Kaster, in Minneapolis, Minnesota, as additional Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 10. | How Will The Lawyers Be Paid? |
|---|---|

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $8,000,000 in fees and $XXX in costs. The Court will determine what fees and costs will be approved.

| 11. | How Do I Tell The Court If I Don't Like The Settlement? |
|---|---|

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Sims, et al. v. BB&T Corporation, et al.,* Case No. 1:15-cv-732. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than XXXXXX, 2019. The Court's address is Clerk of the Court, United States District Courthouse, L. Richard Preyer Federal Building, 324 West Market Street, Suite 1, Greensboro, NC 27401. Your written objection also must be mailed to the lawyers listed below, **no later than XXXXXX, 2019.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

| CLASS COUNSEL | BB&T DEFENDANTS' COUNSEL |
|---|---|
| SCHLICHTER, BOGARD & DENTON<br>Attn: BB&T 401(k) Settlement<br>100 S. Fourth St., Suite 1200<br>St. Louis, MO 63102<br>bbt401ksettlement@uselaws.com<br>Tel: (314) 621-6115<br>Fax: (314) 621-5934 | GROOM LAW GROUP, CHARTERED<br>Attn: Michael J. Prame<br>1701 Pennsylvania Ave., NW<br>Washington, DC 20006<br>Tel: (202) 857-0620<br><br>WOMBLE BOND DICKINSON (US) LLP<br>Attn: Ronald R. Davis<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Tel: (336) 721-3600 |

| 12. | When And Where Will The Court Decide Whether To Approve The Settlement? |
|---|---|

The Court will hold a Fairness Hearing at XXX p.m. on XXXX, 2019, at the United States District Courthouse for the Middle District of North Carolina, L. Richard Preyer Federal Building, 324 West Market Street, Suite 1, Greensboro, NC 27401.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

| **13. Do I Have To Attend The Fairness Hearing?** |
|---|

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

| **14. May I Speak At The Fairness Hearing?** |
|---|

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Sims, et al. v. BB&T Corporation et al.,* Case No. 1:15-cv-732." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 11, **no later than XXXXX, 2019**.

| **15. What Happens If I Do Nothing At All?** |
|---|

**If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.**

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, BUT YOU WILL <u>NOT</u> RECEIVE ANY MONEY UNLESS YOU SUBMIT A FORMER PARTICIPANT CLAIM FORM.

| **16. How Do I Get More Information?** |
|---|

If you have general questions regarding the Settlement, you can visit this website: www.bbt401ksettlement.com, call 1-XXXXXXX, or write to the Settlement Administrator at BB&T 401(k) Settlement Administrator, _____.