# BB&T CORPORATION
# ERISA LITIGATION

**March 21, 2019**

I. **Summary**

Gallagher Fiduciary Advisors, LLC ("Gallagher") was appointed to act as an independent fiduciary for the BB&T Corporation 401(k) Savings Plan (the "Plan") in connection with the proposed settlement dated November 30, 2018 of <u>Sims et al. v BB&T Corporation et al.</u>, 1:15-cv-732 (M.D. NC) (the "Litigation") and resolves the ERISA class action claims brought in the Litigation. All terms not otherwise defined herein shall have the meaning set forth in the Settlement.

Gallagher's responsibilities pursuant to its agreement and the Settlement are to (i) determine whether to approve and authorize the settlement of Released Claims on behalf of the Plan and (ii) determine whether the Settlement satisfies the requirements of the Prohibited Transaction Class Exemption 2003-39 (the "Class Exemption").

Gallagher engaged in the following activities: (i) we reviewed documents filed with the court, including the Consolidated Amended Complaint, motion for Preliminary Approval of Class Action Settlement, the Settlement Agreement and Notice, the Court's Orders regarding Defendants' motions to dismiss and for summary judgement, the Order granting preliminary approval of the Settlement, and the Plaintiffs' Memorandum in Support of Attorneys' Fees and Expenses; (ii) we received and reviewed the Plan document and amendments thereto, Plan summary plan descriptions and expert reports submitted by the Parties; (iii) we reviewed the parties' mediation statements; (iv) we interviewed Jerome Schlichter, Rebekah Freisinger and Troy Doles, from Schlichter, Bogard & Denton LLP, counsel for Plaintiffs; (v) we interviewed Michael Prame and Mark Bieter, from Groom Law Group, Chartered, counsel for Defendants; and (vi) we interviewed the private mediator Michelle Yoshida, of Phillips ADR Enterprises.

II. **Requirements of the Class Exemption**

In order for the Class Exemption to apply, the following conditions must be met:

1. Where the litigation has not been certified as a class action by the court, and no federal or state agency is a plaintiff in the litigation, an attorney or

©2018 Arthur J. Gallagher & Co. All rights reserved.



attorneys retained to advise the plan on the claim, and having no relationship to any of the parties, other than the plan, determines that there is a genuine controversy involving the plan.

- This condition has been met because on August 28, 2017, the Court certified the Class.

2. The settlement is authorized by a fiduciary (the authorizing fiduciary) that has no relationship to, or interest in, any of the parties involved in the claims, other than the plan, that might affect the exercise of such person's best judgment as a fiduciary.

- Gallagher has no relationship to, or interest in, any of the parties involved in the Litigation that could affect the exercise of its judgment.

3. The settlement terms, including the scope of the release of claims; the amount of cash and the value of non-cash assets received by the plan; the proposed attorney's fee award of one third of the Settlement; and any other sums to be paid from the recoveries, are reasonable in light of the plan's likelihood of full recovery and the risks and costs of litigation.

- This condition has been met.

4. The terms and conditions of the transaction are no less favorable to the plan than comparable arms-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances.

- This condition has been met. The Settlement is at least as favorable as an arms-length transaction agreed to by unrelated parties would likely have been. Counsel for all sides and the mediator we interviewed confirmed that the Settlement was the product of arms-length negotiations.

5. The transaction is not part of an agreement, arrangement, or understanding designed to benefit a party in interest.

- Although the transaction will have the incidental effect of releasing the fiduciaries, the Settlement is not designed to benefit those fiduciaries, but rather to resolve claims that have not been fully adjudicated and to enable the Plan to recover a portion of their losses.

©2018 Arthur J. Gallagher & Co. All rights reserved.

6. Any extension of credit by the plan to a party in interest in connection with the settlement of a legal or equitable claim against the party in interest is on terms that are reasonable, taking into consideration the creditworthiness of the party in interest and the time value of money.

    - The condition is not applicable in that the Settlement does not require the Plan to extend credit to any party in interest.

7. The transaction is not described in Prohibited Transaction Exemption (PTE) 76-1 (relating to delinquent employer contributions to multiemployer and multiple employer collectively bargained plans).

    - Neither the Settlement nor the underlying claims relate to delinquent employer contributions, and the Settlement is therefore not described in PTE 76-1.

8. All the terms of the settlement are specifically described in a written settlement agreement or consent decree.

    - The condition has been met.

9. Assets other than cash may be received by the plan from a party in interest in connection with a settlement in limited, specified circumstances. To the extent assets, other than cash, are received by the plan in exchange for the release of the plan's or the plan fiduciary's claims, such assets must be specifically described in the written settlement agreement and valued at their fair market value, as determined in accordance with section 5 of the Voluntary Fiduciary Correction (VFC) Program.

    - The condition does not apply because the monetary portion of the Settlement is being paid in cash.

10. The plan does not pay any commissions in connection with the acquisition of assets.

    - This condition will be met in that the Settlement provides for a cash payment and no commission is indicated under the terms of the Settlement.

©2018 Arthur J. Gallagher & Co. All rights reserved.



11. The authorizing fiduciary acting on behalf of the plan has acknowledged in writing that it is a fiduciary with respect to the settlement of the litigation on behalf of the plan.

- The condition has been met.

12. The plan fiduciary maintains or causes to be maintained for a period of six years the records necessary to enable authorized persons to determine whether the conditions of this exemption have been met.

- This condition will be met.

In light of the above factors, it is fair to conclude that the Settlement on the terms described above meets the requirements of the Class Exemption.

Investment advisory, named and independent fiduciary services are offered through Gallagher Fiduciary Advisors, LLC, an SEC Registered Investment Adviser. Gallagher Fiduciary Advisors, LLC is a single-member, limited-liability company, with Gallagher Benefit Services, Inc. as its single member. Neither Arthur J. Gallagher & Co., Gallagher Fiduciary Advisors, LLC nor their affiliates provide accounting, legal or tax advice.

©2018 Arthur J. Gallagher & Co. All rights reserved.