IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERT SIMS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BB&T CORPORATION, *et al.*, <br><br> *Defendants*. | 1:15-CV-732 |
| BREWSTER SMITH, JR., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BB&T CORPORATION, *et al.*, <br><br> *Defendants*. | 1:15-CV-841 |

## **ORDER AND JUDGMENT**

In these consolidated cases, the plaintiffs seek court approval of a settlement agreement with the defendants and dismissal of this ERISA class action with prejudice. For the reasons set forth in the Order filed contemporaneously with this Judgment, the motion is **GRANTED** and the settlement of the Class Action is **APPROVED** as the Court finds the settlement is fair, reasonable, and adequate.

All docket citations in this Judgment are to the *Sims* docket, No. 15cv732, unless explicitly stated otherwise. Capitalized terms used herein have the Definitions in the Settlement Agreement, Doc. 436-2, as amended by the Court's January 31, 2019 Order, Doc. 443, which is incorporated herein by reference.

It is **ORDERED, ADJUDGED,** and **DECREED** that:

1. In accordance with the Court's December 2018 Order, notice was timely distributed by first-class mail to all members of the Settlement Class who could be identified with reasonable effort, and notice was published on the website maintained by Class Counsel.

2. The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure and constituted the best notice practicable under the circumstances; and due and sufficient notices of the fairness hearing and the rights of all Settlement Class Members have been provided to all people, powers and entities entitled thereto.

3. Members of the Settlement Class had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

4. No objections to the Settlement were filed, timely or otherwise.

5. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, et seq., notice was provided to the Attorneys General for each of the states in which a Settlement Class Member resides, and the Attorney General of the United States. *See*

Docs. 449, 449-1, 449-2.

6. All applicable requirements of the Class Action Fairness Act, 29 U.S.C. § 1711, et seq., have been met.

7. The Court's order granting class certification, Doc. 223, is hereby amended pursuant to Rule 23(c)(1)(C) of the Federal Rules of Civil Procedure to comprise the following Settlement Class:

> [A]ll persons who participated in the Plan and had an Active Account at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are the BB&T Defendants.

8. The Class Action and All Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, are hereby **DISMISSED** with prejudice and without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

9. The Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, successors, assigns agents and attorneys) on their own behalves and on behalf of the Plan, hereby fully, finally, and forever settle, release, relinquish, waive and discharge the BB&T Defendants, the Plan, and all Released Parties from the Released Claims, regardless of, e.g., whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to

any application by Class Counsel for an award of Attorney's Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

10. The Class Members and the Plan acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

11. Class Counsel, the Class Representatives, the Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the BB&T Defendants, the Plan and the Released Parties or the decision to release, relinquish, waive, and discharge the Released Claims, or might have affected the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative, Class Member and the Plan has hereby fully, finally and forever settled, released, relinquished, waived and discharged any and all Released Claims, and each Class Representative, Class Member and the Plan has hereby acknowledged that the foregoing waiver was bargained

for separately and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

12. The Class Representatives, Class Members and the Plan hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Representatives, Class Members and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

13. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Class Members herein pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

14. Each member of the Class shall hold harmless the BB&T Defendants, Defense Counsel, the Released Parties, and the Plan for any claims, liabilities, attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15. The Settlement Administrator shall have sole responsibility to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant.

16. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

17. Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment.

18. Upon entry of this Order, all Class Members and the Plan shall be bound by the Settlement Agreement as amended and by this Final Order.

19. The Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

This the 6th day of May, 2019.

_____
UNITED STATES DISTRICT JUDGE